No. 13.—SHERWOOD R. WORMACK, plaintiff in error, *vs.* SARAH L. ROGERS and WILLIAM A. PULLEN, administrators, &c. *et al.* defendants.

[1.] Inadequacy of price, as a general proposition, will not, *per se*, be a sufficient ground to set aside a conveyance in a Court of Equity; yet, that circumstance, taken in connexion with others of a suspicious nature, may afford such a vehement presumption of fraud, as will authorize the Court to set it aside.

In Equity, in Troup Superior Court. Decision on demurrer, by Judge HILL, May Term, 1850.

Sarah L. Rogers and William A. Pullen filed their bill, returnable to the Superior Court of Troup County, alleging, that in the year 1848, Henry A. Rogers, of said County, died intestate, leaving Sarah L. Rogers and his sister, Lucretia Jane, then the wife of Pullen, his only heirs at law surviving; that before the death of the said Henry A. Rogers, to wit: in the year 1845, Collen Rogers, the father of Henry A. Rogers, died, leaving Sarah L. the said Henry A. and the said Lucretia Jane, his heirs at law, surviving; that previous to his death, he executed his last will and testament, bequeathing his entire estate, after the payment of his debts, to be distributed amongst his said heirs; that after the payment of his debts, amongst his property to be distributed, were twenty-six negroes, to-wit: George, Gift, Beverly, Peggy and her eight children, Elendor and four children, Mariah and her two children, Nancy and her four children, and Enoch, a boy,

Wormack *vs.* Rogers and Pullen.

in which the said Henry A. Rogers would· have been entitled to an undivided interest, it being one-third part thereof.

The bill alleges, that on the 5th day of January, 1848, a short time after the arrival at legal age of the said Henry A. Rogers, and while his said undivided interest in his father's estate was yet in the hands of Thomas B. Greenwood, his executor, and the prospect of his recovering, remote and uncertain, on account of the demands in suit and then pending, by and against the said Greenwood, as executor, and the said Henry A. being of improvident and extravagant habits, and pressed by his creditors with judgments, on some of which he was threatened with *ca. sas.* and being indebted, in some small amount to Sherwood R. Wormack, of said County of Troup, he was induced, by the said Wormack, to transfer and assign to the said Wormack the whole of his undivided interest in the said negroes ; that the price paid by the said Wormack was wholly inadequate and disproportioned to the value of the interest so conveyed.

The bill charged, that the said Henry A. Rogers was overreached and defrauded by the said Wormack in making said transfer, who was the uncle of the said Henry A. and in whom he reposed great confidence.

The bill charged, that some years before Henry A. Rogers came of age,· Wormack, taking advantage of his youth and inexperience, procured from him, for some inadequate consideration, a bill of sale for one of said negroes, to wit : Beverly, long before the said estate was ready for distribution, and while it was in the hands of the executor for settlement, which said negro, the said executor, for several years after the execution of said bill of sale, hired out, at public outcry, and the said Wormack influenced the said Henry A. Rogers, after each year's hiring, to give his note for the amount for which the said negro hired ; that the notes so given formed a large part of the consideration for the conveyance of his interest in his father's estate, executed by Henry A. Rogers to the said Wormack ; that another item in said consideration consisted of a note made by Henry A. Sarah L. and Lucretia Jane, for one hundred and seventy-five dollars, which note was not delivered up to the said Henry

A. Rogers, according to agreement, or if delivered up, was afterwards fraudulently obtained by the said Wormack, and after the death of the said Henry A. traded by him to one James Beeland.

The bill charged, that complainants did not believe the said Wormack paid to the said Henry A. more than three hundred dollars for his interest in the negroes, and that said interest had recently been partitioned, and by the partitioners valued at thirty-eight hundred and seventy dollars.

The bill alleged, that after the death of Henry A. Rogers, to wit : in the year 1848, Lucretia Jane, the wife of Pullen, died, and that he had been appointed administrator on her estate.

That Wormack, as assignee of Henry A. Rogers, had heretofore commenced and was prosecuting his suit in Equity against Greenwood, executor of Collen Rogers, for his said interest in the negroes, and also against William A. Pullen, one of the complainants, as administrator of Henry A. Rogers, to prevent him from recovering and taking possession of the said Henry A.'s share of the said negroes.

The bill charged, that complainant had offered and still offers to account to Wormack for the amount which was justly due him from the estate of the said Henry A. Rogers, so soon as the same can be ascertained and duly administered upon.    The bill prayed that Wormack might be enjoined from proceeding in his suit against Greenwood, as executor of Collen Rogers, and complainant, as administrator of Henry A. Rogers ; also, that he might be perpetually enjoined from any further proceedings at. Law or in Equity, for the recovery of the said negroes, and Sherwood enjoined from delivering or accounting to him for the same; also, that the said Sherwood, as executor, &c. should be decreed to account with and deliver to complainant, as administrator of Henry A. Rogers, the said share in the said negroes, to be duly administered for the benefit of complainants and the creditors of Henry A. Rogers.

To this bill, the defendant filed a general demurrer for want of Equity.

Wormack *vs.* Rogers and Pullen.

Upon the hearing of which, the Court overruled the demurrer, and this decision is assigned as error.

STEPHENS, for plaintiff in error.

BULL, for defendants in error.

*By the Court.*—WARNER, J. delivering the opinion.

Does the bill of the complainants make such a case as will entitle them to relief in a Court of Equity?

[1.] The conveyance sought to be set aside, was made by Henry A. Rogers to Wormack of a vested interest in the estate of his deceased father. What the *amount* of that estate would be, after the payment of the debts or the time of its enjoyment *in possession,* was *uncertain.* Wormack, who was the uncle of Rogers, in whom he had *great confidence,* first procures a bill of sale from him of one of the negroes, to which, at that time, Rogers had no legal title. This pretended purchase took place some years before Rogers became of age ; this negro was in the possession of his father's executors, and was annually hired out by them. Wormack influenced young Rogers to execute to him a note, each year, for the amount for which this negro was annually hired by the executors. It also appears that Henry A. Rogers was a profligate and extravagant young man in his habits; was pressed with debts by his creditors, some of which were in judgment, and threatened with *ca. sas.* Under these circumstances, Wormack procured from Rogers an assignment of all his interest in his deceased father's estate, which has since been settled in the due course of administration, and the interest of each legatee ascertained and set apart—the share of Henry A. Rogers being of the value of thirty-eight hundred and seventy dollars. The complainants also charge, that the defendant did not actually pay more for this interest of Henry A. Rogers in his deceased father's estate, than three hundred dollars. This is not an application to set aside this conveyance, on the part of the administrators of Henry A. Rogers, for the benefit of *his creditors.* The

application is made by the legal reperesentatives of Henry A. Rogers, to have this conveyance set aside for their own benefit, as we understand the question.    Inadequacy of consideration, as a general proposition, is not, *per se,* a sufficient ground to set aside this conveyance, although, as was remarked by Lord *Thurlow,* in *Gwynne vs. Heaton,* (1 *Brown's Ch. Rep.* 9,) the inadequacy of the price paid, compared to the value of the property purchased, " is so gross and manifest, that it must be impossible to state it to a man of common sense, without producing an exclamation at the *inequality* of it."    While we do not place our judgment *exclusively* upon the ground of the *inadequacy* of the consideration, yet, *that circumstance,* taken in connexion with the *other facts* charged in the bill, furnishes the most vehement presumption of *fraud.*    The young man was extravagant and profligate in his habits ; was pressed by his judgment creditors ; the defendant was his uncle, in whom he had *great confidence ;* he exhibited claims, for the hire of the negro, Beverly, against him for payment, and in procuring a conveyance of that negro from him, while under age, showed a *capacity,* at least, to take the advantage and overreach him in making contracts.    The judgment of the Court below in overruling the demurrer, is sustained, both upon principle and authority. 1 *Story's Equity,* 250, §246.    *Picket vs. Loggon,* 14 *Vesey,* 214.    *Butler vs. Haskell,* 4 *Dessausure's Rep.* 651.

Let the judgment of the Court below be affirmed.