## COLEMAN, trustee, *et al. v.* CABANISS *et al.*

1. A power of sale may lawfully reside in one who has no legal or equitable interest in the property which is to be the subject of a sale.

2. A power of sale is a trust.

3. A deed vested in a named person a power of sale and a power to create a lien upon described property, each to be executed under similar conditions. No words of succession followed the name of the person.   Provision was

made for the appointment of a successor. It was provided that the successor should not have the right to create a lien, and it was also provided that the successor should take the estate "subject to the same uses, limitations, and trusts" as are set forth in the deed. *Held*, that the power of sale passed to the successor as one of the trusts reposed in the person originally authorized to execute the power.

Argued October 24, — Decided November 12, 1904.

Equitable petition.    Before Judge Felton.    Bibb superior court.    June 8, 1904.

On March 12, 1879, Lockett, trustee, conveyed to Samuel T. Coleman two described city lots; the conveyance providing that the grantee, "and his successor," should hold the property in trust "for the sole and separate use of Aurelia Alberta Coleman, wife of the said Samuel T. Coleman, for and during her natural life, with such powers to the said Aurelia Alberta as are hereinafter expressed, and after her death to her children by the said Samuel T. Coleman, and the representatives of any such children deceased, share and share alike, the representatives of children taking in any division of said property the interest of their deceased parent, but no division to be made even after the death of the said Aurelia Alberta until her youngest child by the said Samuel T. Coleman surviving her has attained the age of twenty-one years, and whenever such division shall be made the interest of each and every of the daughters of the said Aurelia Alberta and the said Samuel T. Coleman are still to be held by the said Samuel T. Coleman, or his successors in this trust, in trust for the sole and separate use of such daughters, free from the debts, contracts, or control of any husbands they may marry; with power to the said Aurelia Alberta by writing under her hand and seal to empower said Samuel T. Coleman, trustee, without an order of court or any notice to the remaindermen, to sell any part or the whole of said trust property and to reinvest the proceeds in such other property, subject to the above-described trusts, as he and she shall deem advisable, and in the same mode to empower the said Samuel T. Coleman, trustee, without an order of court or any notice to the remaindermen, to create a lien on said trust property by mortgage or otherwise, whenever he and she shall deem the creation of a lien necessary or beneficial to the trust represented by him, this power to authorize the creation of a lien, however,

to be exercised by the said Aurelia Alberta only whilst the trust herein created is represented by the said Samuel T. Coleman, as trustee; and with power also to the said Aurelia Alberta by writing under her hand and seal, to be recorded in the office of the clerk of the superior court of Bibb county, to appoint another trustee instead of the said Samuel T. Coleman, whenever for any cause he shall cease to represent said trust, said trustee so appointed by her taking the said estate subject to the same uses, limitations, and trusts as are hereinbefore expressed." The grantee died in 1889, leaving children. In 1903 Mrs. Coleman, in the manner pointed out in the trust deed, appointed her son, Samuel T. Coleman, as trustee to succeed his father. After the acceptance of the appointment, Mrs. Coleman, by a writing under her hand and seal, empowered her son as trustee to sell the property described in the trust deed to Cabaniss for the sum of $20,000, the proceeds to be reinvested in other property. Cabaniss agreed to pay the amount specified for the property in the event the deed from the trustee would convey him a perfect title to the property; and being advised that such deed would not convey that character of title, he refused to complete the contract of sale. The present proceeding is one brought by the trustee and Mrs. Coleman and her children, all of whom are of full age, against Cabaniss and the grandchildren of the grantee in the trust deed, all of such grandchildren being minors. The defendants in their answers indicate their willingness to have the contract consummated, if it can be legally done. At the trial the judge, being of the opinion that the deed would not convey a perfect title, directed a verdict in favor of the defendants, and to this ruling the plaintiffs excepted.

*Hall & Wimberly*, for plaintiffs.

*Bacon, Miller & Brunson, Davis & Turner, Steed & Ryals*, and *Hardeman & Jones*, for defendants.

Cobb, J. Even though the trust deed vested in the trustee the legal title to only the life-estate of Mrs. Coleman, still the power of sale extended to the fee in remainder as well as the life-estate. The expression "trust property," which is used in describing the power of sale, is not to be given a technical meaning which would confine it to the life-estate, if the trust estate created was limited

to that estate. The *trust property* referred to is the fee in the property. As was remarked by Mr. Chief Justice Bleckley, in *Headen* v. *Quillian*, 92 *Ga.* 223, "To hold that he contemplated restricting the power of sale to the estate for life would attribute to him a technical narrowness utterly strange to his thoughts and at complete variance with his real state of mind." See also *Heath* v. *Miller*, 117 *Ga.* 857, and cit. So far as the right to exercise the power of sale is concerned, it is immaterial to what class the remainders belong — whether legal or equitable, vested or contingent. The original trustee and his wife, by their joint action, were authorized to convey the fee in the property for the purpose of reinvesting the proceeds in other property. See *Heath* v. *Miller*, supra. A lawful sale of the fee in the property could be had at any time during the lifetime of Mrs. Coleman, whenever she and the original trustee saw fit to unite in exercising the power. But it is said that the power of sale was extinguished when the original trustee died, that it was not conferred in terms upon him and his successors, and that there is no language in the deed which, properly construed, would pass to the new trustee a power of sale, although there is express authority vested in Mrs. Coleman to appoint a new trustee. Neither the word "successor" nor words of similar import appearing in the clause of the deed conferring the power of sale upon the original trustee have this effect, and unless there is some other language in the deed which would indicate that it was the intention of the grantor that this power should pass to the successor for whose appointment provision is made, the power would be a personal trust and would not pass. *Simmons* v. *McKinlock*, 98 *Ga.* 738. But the deed expressly provides that the successor to the original trustee, when appointed in the manner provided, should take the estate "subject to the same uses, limitations, and trusts as are hereinbefore expressed." The power of sale may not be a use or limitation, but it is certainly a trust. As was said in *Heath* v. *Miller*, "The trustee, although a trustee of a power merely, is none the less a trustee." Under this view of the matter, the power of sale passes to the successor by the very terms of the deed itself. The fact that the deed provides that the power to create a lien shall not pass to the new trustee is a strong circumstance to indicate that it was the intention of the grantor that the power of sale should

pass. The deed tendered to Cabaniss conveyed a perfect title to the fee in the property as against any one who might be a claim-ant under the trust deed. Whatever interest the children and grandchildren have in the property will pass under the deed and will attach to the property in which the reinvestment is made.

*Judgment reversed. All the Justices concur.*