GARRETT v. CRAWFORD.

1. While a power of sale in a mortgage is extinguished by the payment of the debt the mortgage was given to secure, if the mortgagor failed to have the satisfaction of the debt entered of record, and a sale was thereafter had under the power, one who purchased in good faith and for value at such sale, without notice of the fact of the satisfaction of the debt, will be protected in his title. The remedy of the mortgagor, under such circumstances, is by an action for damages against the mortgagee for the wrongful and unauthorized exercise of the power.

2. There being in this State no statute requiring notice to be given by the mortgagor to the mortgagee of the intention to exercise a power of sale in a mortgage, when the mortgage provides only for notice by advertisement in a given manner, no other notice than such advertisement is necessary to the validity of a sale under the power.

3. A sale under a power of sale in a mortgage should be had on a regular day of public sales, unless the instrument creating the power stipulates that the sale may be had at some other time.

4. Following the ruling in Tenant v. Blacker, 27 Ga. 418, a deed signed by an attorney in fact in his own name is a good execution of the power, if there appears upon the face of the deed sufficient recitals to indicate that it was the intention of the person signing the deed to execute the same in behalf of his principal and not in behalf of himself.

Submitted May 23,—Decided June 14, 1907.

Complaint for land.    Before Judge Parker.    Clay superior court.    March 20, 1906.

Jennie A. Crawford brought suit against Mrs. C. E. Garrett and K. J. Todd for a certain house and lot and mesne profits. The petition alleged, that Mrs. Garrett had given a mortgage on the property to Wilson; that in accordance with the stipulations contained in the mortgage the property was sold at public outcry, and was bought by the plaintiff; that she holds the title to the property under a deed from Wilson, signed and delivered in pur-

suance of the stipulations contained in the mortgage; and that Mrs. Garrett and Todd were in possession and refused to surrender possession or to pay the rents and profits of the property. The mortgage was given to secure the payment of a note to Wilson for one hundred and fifty dollars, and contained the following provisions and powers: "But in case of my failure to pay the same, I hereby empower . . Wilson, of Fort Gaines, to seize said property and sell the same at public outcry in front of the court-house of said county, after advertising the same in the newspaper in which the sheriff of said county publishes his advertisements, and for me and in my name to make titles to the purchaser and apply the proceeds, first to the cost and expenses of said seizure, sale, and conveyance, including ten per cent. attorney's fees, then to the liquidation of this obligation." On the back of the mortgage was a transfer, signed by Wilson, to C. A. Cole, dated July 10, 1899, and also a credit of $50, dated September 15, 1899. The deed alleged to have been executed in pursuance of the power concluded: In witness whereof the said "Wilson as attorney in fact for said C. E. Garrett has hereunto set his hand and seal on the day and year first above mentioned," and was signed by Wilson, whose name in the signature was followed by the words, "Attorney in fact for Mrs. C. E. Garrett." The advertisements stated that the sale would take place on Thursday, April 9, 1901, and the deed bears that date.

Mrs. Garrett filed an answer, in which it was alleged, that the plaintiff had no title to the property, for the reason that the note and mortgage given to Wilson were given to secure the payment of his fees as attorney for her son, charged with the offense of murder, $75 of which was a retainer fee; that the grand jury did not return any bill against her son for any offense whatever; that more than the $75 had been paid the said Wilson before the transfer and before the maturity of the note; that the transfer was without consideration, with full knowledge on the part of the transferee, and was for accommodation only; that the said sale was illegal and void for the reason that Wilson had been paid all that he was entitled to, and therefore had no power to make the sale; and prayed that the deed be cancelled as a cloud upon her title. At the trial it was admitted that Todd was merely a nominal party to the suit, and his name was stricken as a defendant.

It was also admitted that Wilson was dead; and that the rental value of the property was $45 per annum. On motion of plaintiff's counsel the above-mentioned paragraphs of the answer, in which it was attempted to show the nullity of the mortgage-foreclosure proceeding and the deed given in pursuance thereof, were stricken. The defendant offered an amendment, alleging, that at the date of the foreclosure proceeding and the deed, the note had been paid and the mortgage was void; and that she had no representative at the sale and had no actual knowledge of the transaction. The court sustained the objection of counsel for plaintiff that this amendment was insufficient in law as a defense.

The plaintiff introduced evidence showing that the property had been advertised for sale, in accordance with the stipulations contained in the mortgage; and then introduced the deed above referred to. Counsel for defendant objected to the introduction in evidence of the deed, on the ground that it was not executed or signed in the name of C. E. Garrett, in accordance with the terms of the power in the mortgage, but in the name of Wilson, and that it was his individual deed, the words following his name in the signature being words of description. The court overruled the objection. The defendant then offered to introduce evidence relative to the terms of the agreement between her and Wilson, and that she had never received any personal notice of the fact that her property was being advertised for sale, and also evidence relative to the amounts that had been paid Wilson under the contract; all of which evidence was ruled out as being illegal and irrelevant. The judge then directed a verdict in favor of the plaintiff. To each of the rulings stated the defendant excepted.

*M. C. Edwards*, for plaintiff in error.

*J. D. & L. M. Rambo* and *W. A. Scott*, contra.

COBB, P. J. 1. The power of sale in a mortgage simply gives to the mortgagor a remedy for the collection of his debt in a summary way. The presence of such a power in the mortgage simply evidences an agreement between the parties that the mortgagor shall be relieved from the necessity of resorting to a foreclosure at law or in equity. That portion of the mortgage containing the power, like all other contracts, is to be construed so as to effectuate the intention of the parties, and the power must be exercised in accordance with the intention of the parties as indicated

in the clause in the mortgage conferring the power. The power is conferred for the purpose of enabling the mortgagee to collect his debt. When the debt has been paid, as between the mortgagor and the mortgagee the power is extinguished. If, after payment in full of the debt, the mortgagee attempts to exercise the power, and becomes a purchaser at the sale thereunder, the sale and conveyance are void. Baker v. Halligan, 75 Mo. 435; Liddell v. Carson, 122 Ala. 518. If at such sale a third party becomes the purchaser, who knows that the mortgage was satisfied at the date of the sale, or if the circumstances are such as to charge him with notice of satisfaction, the sale and conveyance are likewise void. Ledyard v. Chapin, 6 Ind. 320. One who buys at a sale under a power in a deed or mortgage is bound to inquire into the authority of the person making the sale. Dwelle v. Blackshear Bank, 115 Ga. 679. A purchaser must not only see that the person offering the property has authority to sell, but also inquire as to the terms and conditions upon which the power was granted, and see that the same are complied with. If the instrument containing the power has been duly recorded, the purchaser must look to the record to ascertain whether the power exists, and whether it is being exercised in the manner prescribed. If the instrument has not been recorded, due inquiry must be made of the person attempting to exercise the power. If the instrument has been recorded, and nothing appears of record to indicate that there has been a satisfaction of the debt the instrument was given to secure, a prospective purchaser, in the absence of notice to the contrary, may assume that the debt, or some portion thereof, is still unpaid. The law authorizes the mortgagor, when he satisfies the debt the mortgage was given to secure, to have the mortgage cancelled upon the record. Civil Code, §2737. If he fail to exercise this right, an innocent purchaser at the sale will be protected. Bausman v. Eads, 46 Minn. 148 (24 Am. St. 201); Merchant v. Woods, 27 Minn. 396. When the record of the mortgage appears uncancelled and shows that the debt was past due, and it also appears that the sale is being had at the time and place and in the manner provided in the power, a bona fide purchaser for value will be protected in his title by what appears on the record, in the absence of knowledge to the contrary. 2 Jones on Mortgages (6th ed.), §1907. As between the mortgagor and the mortgagee, a sale under the

power when the debt had been satisfied is, of course, a fraud upon the mortgagor, and the mortgagee would be responsible to the mortgagor for whatever damages he sustained on account of the fraud thus perpetrated upon him; but an innocent purchaser at the sale will be protected in his title; the mortgagor, by his negligence in failing to have the cancellation entered of record, being, as to such purchaser, estopped from setting up the satisfaction of the mortgage prior to the sale.

2. There is no statute in this State requiring the mortgagee to give notice to the mortgagor that he will exercise the power of sale contained in his mortgage. Whether such notice shall be given, and the character of the notice, depend upon the terms of the instrument containing the power. When the instrument contains no provision in reference to notice other than that the time and place shall be advertised in a given way, no other notice is required than advertisement in the manner prescribed in the instrument. 28 Am. & Eng. Enc. Law (2d ed.), 788; 2 Jones on Mortgages (6th ed.), § 1821.

3. The regular day for public sales is the first Tuesday in each month. The code requires that a sale under a power of sale in a mortgage be on a regular sale day, when there is nothing in the instrument creating the power to indicate what was the intention of the parties as to the time of sale (Civil Code, § 4023) ; but when there is a stipulation that the sale shall be had after the expiration of a given time for advertisement, a time other than the day of public sales is provided for, and the time of sale may be fixed by the mortgagee on any day subsequent to the expiration of the time required, in advertising the sale in accordance with the terms of the power. The very power now under consideration has been held to fix a time for sale other than the regular day of public sales. Crawford v. Garrett, 121 Ga. 706. The time of sale must be stated in the advertisement, and the sale must take place on the day, and within the hours, therein fixed; and when the sale takes place on the day and within the hours stated in the advertisement, the sale is valid so far as the time thereof is concerned. 28 Am. & Eng. Enc. Law (2d ed.), 805.

4. When the power of sale in a mortgage provides that the mortgagee may execute to the purchaser, in a sale under the power, title to the property in the name and behalf of the mortgagor, due

regularity requires that the deed should be executed in the name of the mortgagor by the mortgagee as his attorney in' fact. It has been held, however, that if the attorney in fact signed the deed in his name, instead of in the name of his principal, such a deed would be a good execution of the power, provided there was enough on the face of the deed to show that in signing he intended to execute it as the deed of the principal, and not as his own. *Tenant* v. *Blacker,* 27 *Ga.* 418. See *Payton* v. *McPhaul,* ante, 517.

The plaintiff alleged, in her petition, the creation of the debt, the execution of the mortgage, a sale in pursuance of the power therein, and the purchase by her of the property. These facts, if established by evidence, would make out a prima facie case in her favor. Those portions of the answer of the defendant which were stricken, as well as the amendment to the answer which the court refused to allow, sufficiently set forth such a state of facts as would evidence a fraud perpetrated upon her upon the part of Wilson and Cole, the transferee. It was distinctly alleged, that all that was due on the note had been paid before it was transferred to Cole, and that he took the note with a full knowledge of these facts, as well as of the circumstances under which the note was given. It was distinctly alleged, that the consideration of the note was services to be performed by Wilson as an attorney at law in the trial of a son of the defendant for the offense of murder, and that her son had never been indicted, and that therefore the consideration of the note had failed, at least as to one half, and that the payments made thereon had satisfied the other half due on the note, and that Cole knew all of these facts, and was acting for Wilson merely as an act of accommodation. As stated, there were sufficient averments to show a fraud on the rights of the defendant perpetrated by Wilson and Cole, but there is nothing in the averments of the plea to connect the plaintiff with this fraud. The burden was upon the defendant to show not only that a fraud had been perpetrated upon her, but that the purchaser at the sale was a party to the fraud; and this the answer failed to allege. There was no error in striking the portions of the answer setting up the defense of fraud, nor in refusing to allow the amendment; nor were any of the other assignments of error meritorious.

*Judgment affirmed. All the Justices concur.*