## KING *v.* WALKER.

1. The grantee in a deed to land to secure a debt, which contains a power of sale, is not required to give notice to the grantor of his intention to exercise the power of sale contained in the instrument, where the same provides for no other notice than advertising in a given manner.
2. Under the power of sale contained in a deed to secure a debt, authorizing the grantee to "seize and take possession of said property and to sell the same, . . after having advertised said property at the court-house for ten days by written or printed notice," the grantee was not required to take possession of the land in order to effect a valid sale.
3. Under the pleadings and agreed statement of facts, a verdict for the plaintiff was required.

NOVEMBER 17, 1913.

Complaint for land. Before Judge Thomas. Brooks superior court. September 14, 1913.

*Bennet, Long & Harrell,* for plaintiff in error.

*Branch & Snow,* contra.

BECK, J. Dollie Harris executed a deed conveying a certain lot of land to D. T. Clyatt to secure the payment of a debt. About four years after the debt became due, in the exercise of the power of sale contained in the deed Clyatt offered the lot of land for sale before the door of the court-house of Brooks county, after having advertised the same for ten days by notice posted at the court-house. The property was bid in by Frank L. Gibson for the sum of $57.50. By subsequent transfers the title passed to W. A. Walker. He brought complaint to recover the land from Dollie Harris. She filed her plea in which she alleged, that if the property was advertised for sale, she had no notice of it and knew nothing about it; that after the property was sold and as soon as she ascertained the fact, and before Gibson had sold the land, she tendered to him the sum of $57.50 and interest thereon at 8 per cent., which he refused to accept; that at the time the property was sold the defendant

was indebted to Clyatt only of $38; that "the terms of said contract [security deed] attached to plaintiff's petition were not complied with;" that the defendant, when informed that the attorneys for Clyatt held the paper for collection, tried to ascertain from them the amount due thereon; that they stated to her that a certain sum was due, but she told them that this was not the correct amount; and that she was unable to ascertain from Clyatt the amount due thereon. The jury returned a verdict for the plaintiff, and the defendant made a motion for a new trial, which was overruled.

1. The power of sale contained in the deed is in the following language: "And in case of failure to pay said indebtedness at the maturity thereof, the payees of this note, their agents, attorneys, heirs or assigns are hereby irrevocably authorized and empowered to seize and take possession of said property, and to sell the same for cash at public outcry in front of the court-house in said county, after having advertised said property at said court-house for ten days by written or printed notice, and apply the proceeds of said sale to the payment of said indebtedness and all costs of said sale, including ten per cent. additional for further [?] attorney's fees, and the balance, if any, to be subject to my order. And the payees of said note, their agent, attorney, heirs, or assigns are fully authorized to bid at said sale and to make a fee-simple title to said property to the purchaser or purchasers." The advertisement of the property and the sale were strictly in pursuance of these stipulations. It was not necessary, in order to effect a valid sale, that any notice other than the advertisement provided in the paper should have been given. The grantee in the deed, before exercising the power of sale, was not required to give to the grantor personally any notice of his intention to exercise the same. This has been adjudicated: "There is no statute in this State requiring the mortgagee to give notice to the mortgagor that he will exercise the power of sale contained in his mortgage. Whether such notice shall be given, and the character of the notice, depend upon the terms of the instrument containing the power. When the instrument contains no provision in reference to notice other than that the time and place shall be advertised in a given way, no other notice is required than advertisement in the manner prescribed in the instrument." *Garrett* v. *Crawford,* 128 *Ga.* 519, 523 (57 S. E. 792, 119 Am. St. R. 398, 11 Ann. Cas. 167).

2. Under the provisions of the power of sale stated above, it was not necessary for the grantee to take possession of the land in order to effect a valid sale. *Cromartie* v. *Weaver,* 137 *Ga.* 452 (73 S. E. 504).

3. Under the pleadings and agreed statement of facts, a verdict for the plaintiff was required.

*Judgment affirmed. All the Justices concur.*