### Scott v. Paisley et al.

PER CURIAM. Where property encumbered by a deed to secure debt, under the provisions of the Civil Code, § 3306, was sold, subject to such security deed, by the grantor to a third person, who paid all of the purchase-price except the secured debt which the purchaser assumed and agreed to pay, and took a bond for title from the grantor, and thereafter the grantee in the security deed sued his debtor, the grantor, and obtained a judgment for the amount of the indebtedness so secured, and a special lien upon the property conveyed as security, even though the holder of the bond for title was not made a party to the suit or otherwise notified thereof, the equitable interest of the holder of the bond for title was divested by a sale made in compliance with the terms of § 6037 of the Code under the fi. fa. issued on said judgment. Such proceeding did not violate the fourteenth amendment to the constitution of the United States, and the similar provision of our State constitution, which declares that "no person shall be deprived of life, liberty, or property, without due process of law."

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

No. 3892. SEPTEMBER 30, 1924. REHEARING DENIED OCTOBER 4, 1924.

Equitable petition. Before Judge Bell. Fulton superior court. June 8, 1923.

The petition of Dorothy Scott alleged in substance as follows:

Fannie Paisley, the owner of a certain described tract of land, on January 9, 1917, conveyed said property by security deed to Pauline Schoenthal to secure the payment of a note executed by her to. Miss Schoenthal for $550, which note matured on January 9, 1920. On July 30, 1919, Mrs. Paisley conveyed the same property by warranty deed to H. Calhoun Wilson, the conveyance being made subject to the above-mentioned security deed. On October 2, 1919, Wilson conveyed said property to petitioner by warranty deed subject to the aforesaid loan. In this purchase petitioner acted in good faith and without notice of any defect which may have existed in the deed from Mrs. Paisley to Wilson. Sometime prior to the return day of the May term, 1920, of the city court of Atlanta, Miss Schoenthal gave notice to Mrs. Paisley that she would bring suit upon the note to said term, and would ask that the judgment rendered include ten per cent. as attorney's fees. She did so enter suit; and on the second day of said term, Mrs. Paisley having failed to interpose any defense to the suit, the same was entered in default. On May 4, 1920, Miss Schoenthal took a verdict against Mrs. Paisley for principal, interest, and attorney's fees due on said note, with a finding of a special lien on the property described in the security deed; and judgment was rendered and execution issued in accordance with such verdict. Thereafter Miss Schoenthal executed to Mrs. Paisley, as defendant in fi. fa., a quitclaim deed to the property, for the purpose of levy and sale, which was properly filed and recorded. The sheriff levied the execution on the property, and advertised it for sale on the first Tuesday in June, 1920, when it was sold and was bid in by J. A. Paisley, husband of Fannie Paisley, and the sheriff executed a deed conveying the property to J. A. Paisley. On or about August 15, 1921, Paisley undertook to convey the property to Claud Brackett, who took and now holds possession. Petitioner was not a party in the above proceedings, had no notice of them, and was afforded no opportunity to assert and defend her right to said property during the course of said proceedings, and because of her want of notice and opportunity to defend, the sale was illegal and void as to her, and passed to Paisley none of the interest which petitioner owned in said property; for which reasons the proceedings hereinbefore set out did not, as to her, afford due process of law within the purview of art. 1, sec. 1, par. 3, of the

constitution of Georgia and the like provision of the constitution of the United States. "And to allow said sale . . to divest petitioner of her interest in said property would be to deprive her of said interest through judicial proceedings to which she was not a party, of which she had no notice, and in the course of which she had no opportunity to be heard, and thus to deprive her of her property without due process of law." The only claim of Brackett to the property is based upon the conveyance to him by Paisley, and the only interest that Paisley had at the time of his conveyance was that acquired through the sheriff's sale. Petitioner has never sold or otherwise conveyed her interest. She has no adequate remedy at law. She prays, that the sale by the sheriff be decreed to be null and void as to her; that the sheriff's deed be decreed to convey no part of her interest; that both the deeds from the sheriff to Paisley and from Paisley to Brackett be decreed to convey only the interest theretofore held by Miss Schoenthal, to wit, the legal title to the property to secure the loan; that petitioner be decreed to be the equitable owner of the property, with the right to possession and to redeem the legal title by the payment of the incumbrance; for other and further relief, and for process.

The defendants demurred on the ground that no cause of action was set forth, and that there was no equity in the petition.

The petitioner offered an amendment alleging that "Said lot is worth twenty-five hundred dollars or other large sum greatly in excess of the incumbrance held by the said Miss Pauline Schoenthal against the same," and adding a second count in which, after making the same allegations as in the original petition, she alleged that section 6037 of the Civil Code, "as applied to a case in which the grantor in a security deed has, between the execution of said deed and the bringing of suit to reduce the secured debt to judgment, disposed of his interest in the property covered by said deed to a third person," is unconstitutional, because in such case such third person is deprived of his property without due process of law, in violation of the State and Federal constitutions, in that said section provides that the interest of such third person may be divested by a proceeding to which he is not a party, of which he has no notice, and in which he has no opportunity to be heard in his own defense, and without any judicial proceeding

against him; and because said section is in conflict with art. 1, sec. 1, par. 4, of the constitution of Georgia, in that it provides that in such case, if said third person may defend at all, he must do so by or through the grantee in the loan deed, and cannot defend the cause in person; and because said section is violative of the provision of the constitution that the legislative, judicial, and executive powers shall forever remain separate and distinct, in that it constitutes an attempt on the part of the legislature to make an adjudication upon the sole question of indebtedness conclusive as to the liability of specific property, whether in the hands of the defendant or of another, to the payment of said indebtedness, and thus to strip the courts of their right, function, and duty to inquire into other facts which are essential to the existence of such liability; and because said section is violative of the 14th amendment to the constitution of the United States, in that it denies to such third person the right to interpose defenses to the taking of his property under said suit, which could be set up by the grantor in the security deed if he owned the property, and this denies to such person acquiring the interest of said grantor the equal protection of the laws. The petitioner says that for these reasons the sale by the sheriff was illegal and void and passed none of her right, title, or interest in the property to the purchaser at that sale. The further allegation was made that Paisley held said property adversely from the time of the sheriff's sale to the time of his conveyance to Brackett, and that Brackett has since held said property adversely.

The defendants renewed their demurrer to the petition as amended. The trial judge sustained the demurrer and dismissed the suit, and exception was taken to this order.

*Paul Donehoo* and *N. T. Anderson Jr.,* for plaintiff.
*McElreath & Scott,* for defendants.