### KENT v. HIBERNIA SAVINGS, BUILDING AND LOAN ASSOCIATION.

No. 13298. SEPTEMBER 25, 1940.

Lowndes Calhoun, for plaintiff in error.

Clarke & Clarke, contra.

JENKINS, Justice. 1. The grantee in a deed to secure debt, containing a power of sale, is not required to give notice to the grantor of his intention to exercise the power of sale contained in the instrument, where the same provides for no notice other than by advertising in a given manner. *King* v. *Walker,* 141 *Ga.* 63, 64 (80 S. E. 312); *Garrett* v. *Crawford,* 128 *Ga.* 519, 523 (57 S. E. 792, 119 Am. St. R. 398, 11 Ann. Cas. 167); *Ellis* v. *Ellis,* 161 *Ga.* 360 (1-*a*), 362 (130 S. E. 681). Accordingly, the contention of the defendant debtor that he was not given such additional notice is without merit.

2. "The legal rate of interest shall be seven per centum per annum, where the rate per centum is not named in the contract, and any higher rate must be specified in writing, but in no event shall any person, company, or corporation reserve, charge, or take for any loan or advance of money, or forbearance to enforce the collection of any sum of money, any rate greater than eight per centum per annum, either directly or indirectly by way of commission for advances, discount, exchange, or by any contract or contrivance or device whatever." Code, § 57-101. It has now become the settled rule in this State that the taking or reserving in advance of interest at the highest legal rate, "whether it be a short or long-term loan," is usurious. *Loganville Banking Co.* v. *Forrester,* 143 *Ga.* 302 (84 S. E. 961, L. R. A. 1915D, 1195): *Reese* v. *Bloodworth,* 146 *Ga.* 355 (91 S. E. 120). See *Howell* v. *Pennington,* 118 *Ga.* 494, 497 (45 S. E. 272).

3. Under the Code, § 57-116, as amended by the act of 1937 (Ga. L. 1937, p. 463), "any person, natural or artificial, in this State, lending money to be paid back in monthly, quarterly, or yearly installments, may charge interest thereon at six per cent. per annum or less for the entire period of the loan, aggregating the principal and interest for the entire period of the loan, and dividing the same into monthly, quarterly or yearly installments, and may take security therefor by mortgage with waiver of exemption or title, or both, upon and to real estate or personal property or both, and the same shall be valid for the amount of the principal and interest charged; and such contract shall not be held usurious." The provisions of § 16-101, authorizing building and loan associations to make loans due at fixed intervals not exceeding twelve months on the security therein mentioned, and to deduct interest in advance

not to exceed eight per cent. discount, whatever the effect of their application to this case might be, do not in fact apply, where, as here, no pleading of any sort or even proof is made bringing the plaintiff within the purview of this section. See *Robinson* v. *Morris Plan Co.*, 47 *Ga. App.* 737 (171 S. E. 394). It is true that the name of the plaintiff imports that it is engaged in the business both of a savings bank and of a building and loan association, but the petition designates the plaintiff merely as "a corporation," and does not set forth that the transaction involved was entered upon in its capacity as a building and loan association. The proof merely showed that the plaintiff as its name implies is "a corporation for the purpose of lending on real estate." That the plaintiff in its suit does not seek to avail itself of the provisions of § 16-101, is indicated by the fact that no reference to such law is made in its brief.

4. Under the rules of law above stated, while it is not illegal to include in a promissory note the amount of interest at the highest legal rate, which will be due at maturity, and to provide that the sum represented by the principal and such interest shall bear interest at eight per cent. per annum from maturity (*Bank of Lumpkin County* v. *Juslus,* 150 *Ga.* 286, 103 S. E. 794), such a contract would be usurious if the interest added to the principal of the loan as evidenced by monthly installment notes is calculated at a rate greater than the six per cent. authorized by the Code, § 57-116, and it further appears that the interest thus added to the monthly installments aggregates more than eight per cent. per annum on the sum advanced up to the several maturity dates, as prohibited by § 57-101.

5. It is obvious that interest on the entire sum advanced for a period as long as fifty-five months at the rate of seven per cent. per annum, added to the sum advanced and divided into fifty-five monthly installments, with interest at eight per cent. on each instalment note from its respective maturity, not only exceeds the six per cent. interest rate authorized by the Code, § 57-116, but the interest charged is in excess of eight per cent. per annum on the sum advanced, as prohibited by § 57-101.

6. Under the last holding, the documentary evidence, and testimony of the defendant, the interest being plainly usurious, it was error to direct the verdict for the plaintiff, and to refuse a new trial. *Judgment reversed. All the Justices concur.*