WEST LUMBER COMPANY *v.* SCHNUCK *et al.*

No. 16455. JANUARY 12, 1949. REHEARING DENIED FEBRUARY 17, 1949.

834

*Herbert Johnson* and *Ross Arnold,* for plaintiff in error.
*Gus Sams* and *Grigsby H. Wotton,* contra.

HAWKINS, Justice. (After stating the foregoing facts.) ▮
The plaintiffs (defendants in error in this court) argued in their brief and insisted that the defendant failed to give notice of its intention to sell the real estate under and by virtue of the authority in the deed to secure loan.

*In Kent* v. *Hibernia Savings &c. Association,* 190 *Ga.* 764 (10 S. E. 2d, 750), this court held: "The grantee in a deed to secure debt, containing a power of sale, is not required to give notice to the grantor of his intention to exercise the power of sale contained in the instrument, where the same provides for no notice other than by advertising in a given manner. *King* v. *Walker,* 141 *Ga.* 63, 64 (80 S. E. 312); *Garrett* v. *Crawford,* 128 *Ga.* 519, 523 (57 S. E. 792, 119 Am. St. R. 398, 11 Ann. Cas. 167); *Ellis* v. *Ellis,* 161 *Ga.* 360 (1-a), 362 (130 S. E. 681)." Also see *Heist* v. *Dunlap & Co.,* 193 *Ga.* 462 (18 S. E. 2d, 837).

Since it is not alleged that the deed to secure debt referred to in the petition provided for any notice of intention to sell under the power therein granted, other than by advertising in the Fulton County Daily Report, the petition, construed most strongly against the pleader, must be treated as not alleging

that any further notice was required, and, accordingly, the contentions that the sale was void because of the failure of the defendant to give any other notice is without merit.

A deed to land to secure a debt is an absolute conveyance until the debt is paid and passes the title to the land to the grantee therein. *Shirling* v. *Hester*, 201 *Ga.* 706 (40 S. E. 2d, 743); *Ponder & Co.* v. *Mutual Benefit Life Ins. Co.*, 165 *Ga.* 366 (140 S. E. 761). See also *West* v. *Bennett*, 59 *Ga.* 509; *Kirby* v. *Reese*, 69 *Ga.* 452; *Citizens Bank of Moultrie* v. *Taylor*, 155 *Ga.* 416 (117 S. E. 247); *Gilliard* v. *Johnston & Miller*, 161 *Ga.* 17 (129 S. E. 434).

A deed to land executed to secure a debt will vest legal title to the land in the grantee and his assigns, subject to be defeated by payment of the debt. A transferee of the grantee named in the security deed occupies the position of such grantee as against the grantor and those claiming under him. *Gilliard* v. *Johnston & Miller*, 161 *Ga.* 17 (129 S. E. 434); *Redwine* v. *Frizzell*, 184 *Ga.* 230 (190 S. E. 789).

■ In their petition the plaintiffs contend that a tender has been made to take care of the full amount of the indebtedness due under and by virtue of the note secured by the security deed and the full amount due on account for materials furnished, and that the defendant has refused to accept this tender. The record indicates that the tender was made on the day following the sale of the property under and by virtue of the authority contained in the security deed. "A sale under power in a security deed divests the title of the grantor and he has no legal right . . thereafter, on tender of the amount of the debt secured by the deed to the grantee, who is purchaser at the sale, to demand a conveyance of the land or a cancellation of the security deed." *Carrington* v. *Citizens Bank of Waynesboro*, 144 *Ga.* 52, 53 (3) (85 S. E. 1027).

■ The advertisement is not defective simply because it stated that the proceeds of the sale, after satisfying the debt secured by the deed, would be applied to the payment of a materialman's lien against the property, regardless of whether or not this is a tacking on of something that should have been left off; and this surplus wording would not chill the sale, since any person inclined to attend and bid at the sale could ascer-

tain from the records the true status of the property with respect to any encumbrances. *Universal Chain Theatrical Enterprises* v. *Oldknow,* 176 *Ga.* 492 (168 S. E. 239).

■ Briefly stated, the petition in this case attacks the sale involved, and seeks to have it and any deed made by virtue thereof declared null and void, because the plaintiffs had no notice that the defendant had acquired or had transferred to it the note and loan deed to secure the same, originally executed to Atlanta Federal Savings and Loan Association; had no notice that the defendant transferee thereof intended to exercise the power of sale contained in the deed prior to the advertisement for that purpose; and because in the advertisement of the sale it was stated that, in addition to paying the debt secured by the loan deed, the proceeds arising from the sale would be applied to the payment of a materialman's lien against the property in favor of West Lumber Company in a stated amount.

Neither the deed nor the note secured thereby appear in the record. However, it is not alleged that the rights arising under either were not transferable, or required any notice to the maker or grantor of a transfer thereof. It is not denied that the debt secured by the deed was in default. Neither is it alleged that the deed required the giving of any notice by the holder thereof to the grantor of its intention to exercise the power of sale contained therein, other than by a proper advertisement. It is not shown how or for what reason the purchase of the note by the defendant, and the transfer of the loan deed to it, even without notice to the plaintiffs, would constitute any "misrepresentation" to them, or that the defendant concealed any fact with reference thereto which it was under obligation to disclose to them. The mere fact that the defendant may have been moved to purchase the note and loan deed by a desire to collect its own debt for materials furnished would not render the act fraudulent. That it may not have the right to retain any part of the proceeds of the sale, properly advertised and held under the power of sale in the loan deed, over and above the amount necessary to pay off and discharge the debt thereby secured, together with the necessary expense incident thereto *(Americus Finance Co.* v. *Wilson,* 189 *Ga.* 635, 636 (1), 7 S. E. 2d, 259), would not render the sale void and subject to

be set aside, but the plaintiff grantor in the deed would have the right to proceed against the defendant for any excess amount arising from the sale and improperly applied or withheld.

The allegations of the petition as to alleged fraud and misrepresentation of the defendant in connection with the alleged contract between the defendant and the plaintiff contractors with reference to furnishing materials and extending credit therefor, and the alleged breach thereof by the defendant, would furnish no ground for setting aside the sale under the power contained in the loan deed.

The petition failed to state any cause of action for the equitable relief sought, and should have been dismissed on general demurrer.    *Judgment reversed.   All the Justices concur.*