19728. GILBERT *v.* CARSON.

SUBMITTED JUNE 10, 1957—DECIDED JULY 3, 1957.

*M. L. Kahn,* for plaintiff in error.

ALMAND, Justice. The judgment under review is one denying a motion to dismiss, in the nature of a general demurrer, an equitable petition seeking: the cancellation of a deed executed under a power of sale contained in a security deed; an accounting by the defendant to ascertain the proper amount due under the loan secured by such security deed; an order restraining the defendant from encumbering or disposing of the premises described in the deed; and general relief.

The petition of Carson made the following case: His predecessor in title executed a deed, to secure a loan on certain described premises, to the defendant in 1945. In 1947, after the plaintiff had purchased said property, he sought to cancel and set aside a deed to said property made by the defendant pursuant to the power of sale given in the security deed, and a verdict and decree were rendered in the plaintiff's favor in 1953. In May 1948, while said suit was pending, a consent order was entered into between the parties whereby, pending the final hearing on the issues, the plaintiff was to pay to the defendant $30 per month from June 3, 1947 to May 28, 1948, "said sum to be paid without prejudice to either party and order its payment on loan, in event the loan has not been legally foreclosed." In January 1951, the defendant procured an order from the court removing the plaintiff from the premises, and the plaintiff has not been in possession of the premises since that time. This removal of the plaintiff occurred prior to the verdict and decree in 1953 setting aside the sale under the power of sale contained in the security deed. The defendant's motion for new trial was pending in the court until January 1956, when it was dismissed by the defendant. Thereafter, counsel for the plaintiff entered into negotiations with the defendant's counsel seeking to ascertain the amount due under the loan and the reasonable rental value of the premises during the period the defendant had occupied the premises since January 17, 1951. During the negotiations in January 1956, counsel for the defendant informed the plaintiff's counsel that a conference would be arranged to determine the amount due the defendant, and that he would notify counsel for the plaintiff if he should start advertising the premises for sale under the power contained in the security deed.

The plaintiff subsequently learned that the property was exposed for sale and was bought in by the defendant on March 6, 1956. The plaintiff alleged that he was ready and willing to pay to the defendant the amount legally due him, but that an accounting was necessary to determine what this amount was, in view of the fact that the plaintiff was entitled to the rental value of the premises during the time same was occupied by the defendant, as a credit against the loan, and that the plaintiff stands ready to tender into the court such amount as is found legally due the defendant.

"If the possession of the property shall be given to the mortgagee, the mortgagor may redeem at any time within 10 years from the last recognition by the mortgagee of such right of redemption." Code § 67-115. It has been held that the grantee in a security deed is a "mortgagee" within the meaning of this Code section. *Wynndam Court Apartment Co.* v. *First Federal Savings &c. Assn.*, 204 *Ga.* 501 (50 S. E. 2d 611), and the citations contained therein. It being alleged that the defendant has been and is now in possession of the premises described in the security deed, has received and is receiving the rents and profits therefrom, and there being a prayer for an accounting and that the correct amount due the defendant be declared and set up, no formal tender of the actual amount due is necessary. *Wynne* v. *Fisher*, 156 *Ga.* 656 (2) (119 S. E. 605). The rulings in *Biggers* v. *Home Bldg. & Loan Assn.*, 179 *Ga.* 429 (176 S. E. 38), and *Harpe* v. *Stone*, 212 *Ga.* 341 (92 S. E. 2d 522), are not controlling here, in that those cases involved a holding that a sale by the grantee of the property conveyed to secure a loan under a power of sale could not be set aside in equity without first tendering the amount due under the loan where the grantor was in possession of the property, and did not deal with a sale of the property by the grantee where he was in possession of the property at the time of the sale. Under the facts and circumstances alleged in this case, the defendant would be held accountable for the profits actually received while in possession of the premises, where ordinary diligence is exercised. *Hobbs* v. *Houston*, 190 *Ga.* 505 (4) (9 S. E. 2d 749).

The terms and provisions of the security deed under which

the defendant sold the property are not set out in the petition. Therefore, the ruling in *Livingston* v. *Hirsch*, 172 *Ga.* 854 (1) (159 S. E. 253), that, under the express provisions in the security deed, the grantor had waived the benefits provided him by Code § 67-115, is not applicable here.

For the reasons stated herein, the petition in the instant case stated a cause of action for the redemption of property under the provisions of Code § 67-115, for an accounting, and for injunctive relief, as prayed. The court did not err in denying the motion to dismiss.

*Judgment affirmed. All the Justices concur.*