## 22755. LASATER v. PETTY.

Submitted January 11, 1965—Decided February 4, 1965.

*James M. Roberts,* for plaintiff in error.

*D. M. Pollock, Jere Field,* contra.

MOBLEY, Justice. Plaintiff in error states in his brief that "The only question presented in this case is whether or not there is sufficient evidence on the part of Mrs. Petty (defendant in the case and plaintiff in the cross action) to sustain the verdict in this case." With this statement we agree. In the opinion we entertain of this case it will only be necessary to consider the question of whether there was evidence to support the verdict of the jury that the deed was void for inadequacy of consideration.

The evidence showed that Charles H. Jackson owned the land in question and that while in jail in Little Rock, Arkansas, on charges of grand larceny, he contacted one B. A. Hood, a bondsman in Little Rock, to go on his bond; that Hood went on his bond; that when his case was called for trial in Little Rock, he was not present and forfeiture of his bond was entered; that Hood, his bondsman, went to San Antonio, Texas, and brought him back for trial, and paid a $200 reward offered for his apprehension and $100 expenses of the trip. On their way back Jackson told Hood that he owned this property in Monroe, Georgia. After their return to Little Rock, Hood had a power of attorney prepared giving Ashley, who worked for Hood, power of attorney to sell any real estate owned by Jackson in Walton County, Ga., and on March 5, 1959, Jackson signed it in the presence of a notary public.

Ashley, acting under the power of attorney from Jackson conveyed the property by deed to the plaintiff in error, who is the mother of Hood. The consideration recited in the deed is $100 and other consideration. Jackson admitted that he owed Hood $100 balance on bond fees and that this did not include $200 reward fee and $100 expenses, which Hood testified he incurred in returning Jackson to jail in Little Rock. Hood testified that he owed him a balance of $1,053. The undisputed evidence in the case is that the value of the property at the time of conveyance was $7,000. Thus, the evidence was sufficient for the jury to conclude that property worth $7,000 was conveyed for a consideration of $100, and that this constituted gross inadequacy of consideration.

"Mere inadequacy of consideration alone will not void a contract. If the inadequacy be great, it is a strong circumstance to evidence fraud. . ." *Code* § 20-307. "Inadequacy of price is no ground for rescission of a contract of sale, unless it is so gross as combined with other circumstances to amount to a fraud." *Code* § 96-105.

"Inadequacy of price, as a general proposition, will not, per se, be a sufficient ground to set aside a conveyance in a Court of Equity; yet, that circumstance, taken in connection with others of a suspicious nature, may afford such a vehement presumption of fraud, as will authorize the Court to set it aside." *Wormack v. Rogers & Pullen*, 9 Ga. 60 (1). This case was followed in *Hoyle & Abbott v. Southern Saw Works*, 105 Ga. 123 (4) (31 SE 137), and in *Montgomery v. Montgomery*, 157 Ga. 60 (1) (121 SE 639). See also *Robinson v. Schly & Cooper*, 6 Ga. 515 (4, 5); *Semmes v. Mayor &c. of Columbus*, 19 Ga. 471 (9); *Hardin v. Baynes*, 198 Ga. 683 (3) (32 SE2d 384).

In applying the principles enumerated in these cases and Code sections cited, we consider whether there were other circumstances of a suspicious nature which would afford such a presumption of fraud as would authorize the jury to find that the deed should be set aside.

The jury was authorized to find that Jackson signed the power of attorney without reading it; that he was not told what it was or what it contained; that he could read, that he was

confined in jail in Little Rock, Arkansas, put there by Hood under an alias name; that Hood took him out of jail and carried him before a notary public where he signed the power of attorney; that he signed it because of his confidence in Hood; that Hood told him he had a man who was an expert in handling land; and that if he had any money he could keep him from going to prison, or at least for not more than four months; that he was going to talk to the man who could get him out of prison; that he, Jackson, would just have to trust him, and told him to sign the paper and that anything that came out of it good would have to come through him; that the man "was supposed to come down and see what it was worth, and Mr. Hood was going to see and then see me and tell me what could be done," which was never done; that he did not know that he signed a power of attorney; that after about two weeks in jail he was taken some place and that he then went to prison for 42 months and that he never received any money from the land.

These are such circumstances, when taken in connection with the gross inadequacy of consideration, as would "afford such a vehement presumption of fraud as would authorize the court to set it [the deed] aside."

Thus, the evidence was sufficient to sustain the verdict of the jury. *Wormack v. Rogers & Pullen,* 9 Ga. 60, supra.

*Judgment affirmed. All the Justices concur.*