### 19277. HARPE v. STONE *et al.*

HAWKINS, Justice. 1. Under the long-recognized and codified maxim that "He who would have equity must do equity" (Code § 37-104), before a borrower who has executed to the same grantee two deeds to secure debts can have affirmative equitable relief to set aside a sale by the creditor under exercise of the power of sale contained in the deeds, and to set aside the deed made by the creditor to a third person by virtue of such sale, and a deed by the creditor's grantee to still another person to a portion of the property, and an injunction against the creditor and the persons claiming under him to prevent interference with the debtor's possession of a portion of the property, such debtor must pay or tender to the creditor the principal and interest which he admits to be due (*Biggers* v. *Home Building & Loan Assn.*, 179 *Ga.* 429, 176 S. E. 38; *Georgia Baptist Orphans Home* v. *Moon*, 192 *Ga.* 81, 14 S. E. 2d 590), and would not be relieved of this duty by reason of the fact that the creditor was demanding of him more than he owed. *Northwest Atlanta Bank* v. *Mannnig*, 193 *Ga.* 186, 191 (17 S. E. 2d 547). The statement of the petition that the amount due is in dispute, and the allegations that "Petitioner tenders and asks leave to pay into this court such sums as may be designated by the court as a tender of sums actually due" to the creditor on the date of the sale would not dispense with or amount to the required tender of the admitted indebtedness. *Oliver* v. *Slack*, 192 *Ga.* 7 (14 S. E. 2d 593); *Holloway* v. *DeVane*, 212 *Ga.* 182 (91 S. E. 2d 350).

2. The debtor's petition, brought within eight days of the date of the sale by the creditor, which alleges that two of the defendants had, by virtue of such sale, gone into possession of and were plowing a portion of the land, without alleging what portion of the land was being plowed

or taken possession of by the defendants, or any allegation as to the actual or reasonable value of the rent, issues and profits thereof, failed to show any right in the plaintiff to an accounting from the defendants as mortgagees in possession under the provisions of Code § 67-115. See, in this connection, *Wynndam Court Apartment Co.* v. *First Federal Savings &c. Assn. of Atlanta,* 204 *Ga.* 501 (50 S. E. 2d 611).

3. Applying to the petition the principles stated above, whether or not the sale was unlawful for any cause alleged, the judge did not err in dismissing the action on general demurrer.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 12, 1956—DECIDED APRIL 9, 1956.

*J. Hugh Rogers, Mitchell & Mitchell,* for plaintiff in error.
*Pittman & Greene, Y. A. Henderson,* contra.