24971.   MASSEY, Executrix et al. v. NATIONAL HOME-
OWNERS SALES SERVICE CORPORATION
OF ATLANTA et al.
24972.   SPIELBERG v. NATIONAL HOMEOWNERS SALES
SERVICE CORPORATION OF ATLANTA et al.

ARGUED DECEMBER 10, 1968—DECIDED FEBRUARY 6, 1969.

*Westmoreland, Hall & O'Brien, P. Joseph McGee, John L. Westmoreland, Jr.,* for appellants in case No. 24971.

*Joseph L. Abraham, Hatcher, Myerson, Oxford & Irvin, Clifford Oxford,* for appellant in case No. 24972.

*Mitchell, Clarke, Pate & Anderson, Taylor W. Jones, H. Fred Gober, John M. McCarter,* for appellees.

MOBLEY, Justice. The separate appeals of Mrs. Roy H. Massey, Jr., individually, and as executrix of Roy Hardy Massey, Jr., and Jack A. Spielberg, are from the grant of a summary

judgment to National Homeowners Sales Service Corporation of Atlanta.

National Homeowners Sales Service Corporation of Atlanta (referred to herein as the appellee) brought a complaint against the two appellants alleging that: It is the successor of United Realty Development Corporation. There is of record a deed purporting to convey described property to Roy Hardy Massey, Jr., now deceased, as security for the debt of United Realty Development Corporation. This deed was executed without corporate authority by William F. Gilmore, president of United Realty Development Corporation. After the death of Roy Hardy Massey, Jr., and without notice to the appellee or any officer thereof, but after giving notice to William F. Gilmore, a former officer, Mrs. Roy H. Massey, as executrix of the estate of Roy Hardy Massey, Jr., advertised the property for sale, and she and Jack A. Spielberg purchased the property at the sale for $7,090, and executed a deed to herself individually and to Spielberg. Mrs. Massey and Spielberg have informed the appellee that they consider that the power of sale was validly exercised and that fee simple title is in them, and for this reason tender of the amount of indebtedness secured by the deed is unnecessary. Nevertheless, the appellee tendered to them the full amount of the indebtedness and they refused to accept the tender. The appellee offers to pay the full amount of the indebtedness and makes a continuing tender of the full amount of the indebtedness.

It is contended that the sale was an unfair execution of the power of sale and void because: The advertisement represented that it would be a sale of the fee simple title of the property, but in fact the sale was for the payment of a part of the purchase price in cash and the balance by the assumption of a senior security deed in favor of L. P. Moon. The advertisement made no reference to the outstanding senior security deed, and such advertisement would chill the bidding at the sale, since prospective purchasers would give more for the equity of redemption in the land if they could buy it subject to the senior security deed, and not have to pay the full cash value of the land as contemplated by the advertisement. There was a gross

inadequacy of price paid for the property by the purchasers, the sale price being $7,090, whereas the property was of a reasonable value of $75,000. It was demanded that the deed under power of sale be declared null and void, and the title of the property be declared in the appellee.

Motion for summary judgment was filed by the appellee, and after consideration of the pleadings, exhibits, depositions, and affidavits, the trial judge granted the motion and adjudged that: the power of sale by Mrs. Massey was unfairly exercised and the sale was null and void; title to the property is in the appellee; the appellants shall deliver up the instruments demanded in the appellee's complaint; the deed under power of sale is declared null and void; the appellee shall maintain its continuing tender of all amounts due the appellants of the indebtedness.

1. No evidence was submitted by the appellee to sustain the contention that the security deed was executed without corporate authority by William F. Gilmore. The affidavit of Gilmore, attached to the motion for summary judgment of the appellee, stated that he was president of United Realty Development Corporation when Roy H. Massey, Jr., delivered to him a check for $5,000 as a loan to the corporation. Mr. Hue Lee, president and sole stockholder of the appellee, deposed that at the time he first became associated with United Realty Development Corporation, Gilmore owned all of the stock of the corporation. The evidence shows that the check was deposited in the corporate account. Under the evidence submitted, the appellee, the successor corporation to United Realty Development Corporation, can not repudiate the deed to secure debt. *Citizens Trust Co. v. Butler*, 152 Ga. 80 (2) (108 SE 468).

2. It is asserted by the appellee that the evidence showed that the debt was not due at the time of the foreclosure sale. The deed recites that the borrower is indebted to the lender in the sum of $5,000, evidenced by a note signed by the borrower. The undisputed evidence, however, shows that no note was executed. The appellee relies on the affidavit of William F. Gilmore, and the deposition of Mrs. Massey, to establish its contention that the debt would not be due until the property was sold by the corporation.

Mrs. Massey in her deposition stated that neither her husband nor William F. Gilmore told her anything about the terms of the loan. Her statement that she "assumed" that the debt would be paid when the property was sold was not evidence of the due date of the indebtedness.

William F. Gilmore stated in his affidavit that: "I informed Mr. Massey that the debt inc. 6% interest would be paid as soon as possible or, upon the sale of the property at the corner of Harwell and Gordon Roads, he would be paid in full. He agreed to these terms." Objection was made to this testimony on the ground that it concerned transactions and communications with a deceased person. Whether or not this evidence was admissible, it was in conflict with the deed to secure debt.

The deed was dated October 20, 1963. Immediately following the typewritten description of the property was the handwritten notation, "Maturity Date Oct 20, 1965." There is no evidence on the question of whether this notation was made prior, or subsequently, to the execution of the deed. It must therefore be presumed that the notation was on the deed prior to its execution. *Thrasher v. Anderson,* 45 Ga. 538.

With this notation on the deed that the debt was due on October 20, 1965, it was not proper to grant summary judgment on the contention that the debt was not due at the time of the foreclosure sale in December, 1967.

3. It is asserted by the appellee that the power of sale was unfairly exercised because the bidding at the foreclosure sale was chilled by an outstanding superior security deed to L. P. Moon, which was recorded in the deed records, but not mentioned in the foreclosure advertisement.

The appellee relies on *Sims v. Etheridge,* 169 Ga. 400 (4a) (150 SE 647) to support this contention. In the *Sims* case, in determining whether a petition stated a cause of action, it was held: ". . . where the holder of the junior security deed, with power of sale, advertises for sale for cash the absolute estate in the land embraced in such deed under such power, without mention of the senior security deed which secures a much larger indebtedness than that secured by the junior security deed, and

sells and conveys the same to a purchaser subject to the senior security deed, such exercise of the power of sale in the junior security deed is not a fair one, and will be set aside at the instance of the debtor, for the reason that purchasers would probably give more for the equity of redemption in the land, if they could buy the same subject to the senior security deed, and not have to pay the full cash value of the land as contemplated by the advertisement."

The rule in the *Sims* case is not applicable to the present case. In the *Sims* case it was alleged that the advertisement stated that the terms were cash and failed to mention an outstanding senior security deed, whereas the terms of the sale under power of sale were the payment of a part of the price in cash and the balance by the assumption of a loan on the property in favor of the holder of the senior security deed. In the present case the advertisement stated that the terms were cash, and the bid was paid in cash. The assumption of an outstanding debt was not a part of the purchase price.

The status of the debt owed to L. P. Moon, evidenced by the senior security deed, is impossible of ascertainment under the present record. Hue Lee was asked if he knew of any payments to L. P. Moon on this indebtedness, and he replied: "Yes, I know that he was paid to have the loan deed released, that he did, so that the First National would have the first mortgage on the property." In reply to the question as to whether L. P. Moon had been paid in full, he stated: "I don't know. I know that we paid him some money, and he released it, but whether or not he was paid in full I don't know."

The evidence presented did not show that the bidding was chilled by a failure to mention the Moon deed in the advertisement. There was no evidence that anything was said or done at the foreclosure sale which would have chilled the bidding.

4. It is pointed out by the appellee that Mrs. Massey's deposition showed that Spielberg paid the entire purchase price, and Mrs. Massey executed a joint deed, pursuant to the foreclosure sale, to herself and Spielberg. It is asserted that agreements between the appellants culminating in this disposition of

the matter had the effect of chilling the bidding of Spielberg and causing him not to bid as high as he might otherwise have bid.

The jury on the trial of the case is authorized to draw inferences from the evidence, and from lack of evidence. *Code* § 38-123. On motion for summary judgment the trial judge must determine whether there are any issues of fact, and may not grant summary judgment on inferences he may draw from the evidence unless such inferences, as a matter of law, must necessarily be drawn from the facts in evidence. The issue as to the chilling of the bidding should have been submitted to a jury. *Edwards v. Employers Mut. Liab. Ins. Co. of Wisconsin*, 219 Ga. 121 (132 SE2d 39).

5. Mr. Hue Lee in his deposition stated that he knew about the Massey indebtedness at the time the transfer of the stock of the appellee corporation was made, but did not know that a security deed had been executed. The deed was recorded after the transfer of the stock. Prior to the foreclosure sale, Mrs. Massey's attorney sent notice to United Realty Development Corporation, in care of William F. Gilmore, that the debt was in default, but the successor corporation, the appellee, was not notified that foreclosure proceedings would be instituted.

The deed to secure debt specifies that the notice required prior to selling the property because of default in the payment of the indebtedness is by advertisement once a week for four weeks in the paper in which the sheriff's advertisements are published. This notice was published, and no other notice was required under the terms of the deed. *West Lumber Co. v. Schnuck*, 204 Ga. 827 (1) (51 SE2d 644). If, as contended by the appellee, attorney's fees were improperly included in the amounts appropriated from the sale for the debt, because of lack of proper notice that attorney's fees would be claimed, this would not void the sale, but the appellee could recover any amount improperly applied or withheld. *West Lumber Co. v. Schnuck*, supra.

6. The appellee asserts that the combination of certain stated facts shows that the power of sale was unfairly exercised, in violation of *Code Ann.* § 37-607. Most of these asserted facts

have been dealt with in previous divisions of this opinion, and it has been pointed out that the fact asserted would not be sufficient to authorize setting aside the foreclosure sale, or that the evidence is in conflict as to the fact stated.

One contention, not previously dealt with, is that the sale price at the foreclosure sale was grossly inadequate. Gross inadequacy of price at a public sale under power is not a sufficient ground to set aside a sale, but may be considered in connection with fraud or other circumstances which tend to bring about such inadequacy. *Croft v. Sorrell,* 151 Ga. 92 (106 SE 108).

The allegation in the appellee's complaint that the reasonable value of the property was $75,000, that the sale price of $7,090 was grossly inadequate, and that the sale was unfairly exercised because of the gross inadequacy of price, was denied by both appellants. There was no evidence submitted as to the value of the property by any party. The issue of fact made by the pleadings therefore remained in the case, and the trial judge was not authorized to consider the allegation of the complaint that the price was grossly inadequate as a basis for granting summary judgment. The burden is on the movant for summary judgment to establish the contentions relied on to authorize such judgment by proper affidavits or other permitted evidence where the contentions are controverted by the pleadings of the adverse party, and it is only when the motion is thus supported that the adverse party has the duty to produce evidence to show that there is an issue of fact. Ga. L. 1966, pp. 609, 660 (*Code Ann.* § 81A-156 (e)).

7. In order to set aside the sale on any ground asserted by its pleadings other than the lack of authority to make the deed, or the foreclosure of the deed prior to its due date, it was incumbent on the appellee to make a proper tender of the amount of the debt due. *Harpe v. Stone,* 212 Ga. 341 (92 SE2d 522). No evidence was submitted which would show that it was unnecessary to make this tender.

The evidence as to tender by Hue Lee was that he went to see Mrs. Massey at her place of employment, and that he told her that he had $7,000, or something like that, in cash, and that

he was willing to pay the indebtedness if they could determine what it was, and if she would release the property or quitclaim it to them. This was not a legal tender.

8. Since no contention of the appellee which would authorize setting aside the foreclosure sale and the deed made pursuant to it was supported by uncontradicted evidence, the trial judge erred in granting the summary judgment.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., not participating, absent due to illness.*