25479. JORDAN et al., by Guardian v. HAYES.

ARGUED OCTOBER 15, 1969—DECIDED NOVEMBER 6, 1969.

*Stone & Stone, W. L. Stone,* for appellants.

*Tracy Moulton, Jr., Malone, Drake & Malone, Thomas Wm. Malone,* for appellee.

MOBLEY, Presiding Justice. This appeal is from the direction of a verdict in favor of the probate in solemn form of the will of Walter C. Jordan. The will was offered for probate by the nominated executor, John L. Hayes, and caveat was filed on behalf of two grandchildren of the testator, by their guardian, on the ground that the will had been revoked by the testator by mutilations and obliterations in material portions of the will.

On the trial the propounder made a prima facie case as to the execution of the will. There was testimony that the will was found in the safe deposit box of the testator with the alterations and obliterations thereon. None of the subscribing witnesses knew anything about the contents of the will, and none of them knew whether the alternations had been made before the will was executed. There was no evidence of any kind as to when the alterations were made or what the intention of the testator was in making the alternations. The alterations are

not of such nature that they show within themselves that they were made after the execution of the will.

Both parties argue the case on the basis of *Code* § 113-404, which provides: "An express revocation may be effected by any destruction or obliteration of the original will or a duplicate, done by the · testator or by his direction with an intention to revoke; such intention will be presumed from the obliteration or canceling of a material portion of the will; but if the part canceled is immaterial, such as the seal, no such presumption shall arise." The argument is directed to the materiality of the alterations made.

Both parties have apparently overlooked the significance of the fact that there is no direct or circumstantial evidence that the alterations were made after the execution of the will. It must be presumed that the alterations were made by the testator, since the will was in his custody until the time of his death. *McIntyre v. McIntyre*, 120 Ga. 67 (2) (47 SE 501, 102 ASR 71, 1 AC 606) ; *Morris v. Bullock*, 185 Ga. 12, 16 (194 SE 201, 115 ALR 700). Where there is no contention that alterations in an instrument were not made by the maker of the instrument, and there is no evidence that the alterations were made .subsequently to its signing, the presumption of law is that the alterations were made prior to the signing. *Thrasher v. Anderson*, 45 Ga. 538; *Massey v. Nat. Homeowners &c. Corp.*, 225 Ga. 93, 96 (165 SE2d 854).

The burden was on the caveators to show that the alterations were not made prior to the execution of the will. *Langan v. Cheshire*, 208 Ga. 107, 111 (65 SE2d 415). They offered no evidence to rebut the presumption of law that they were made prior to the execution of the will, and the trial judge properly directed a verdict in favor of the propounder.

*Judgment affirmed. All the Justices concur.*