35779. SMITH et al. v. CITIZENS & SOUTHERN FINANCIAL CORPORATION et al.

BOWLES, Justice.

Appellants, the Smiths, were the owners of a piece of undeveloped land near Northside Hospital which they leased to a group of developers who planned to build a medical office complex. The developers obtained a $3,000,000 construction loan from Washington Mutual Savings Bank in return for which developers and

appellants were required to execute a security deed. $2.7 million was to be advanced initially and $300,000 later if certain conditions were met. The developers decided they needed more money after construction had begun and went to appellee, the Citizens & Southern Financial Corporation, hereinafter CSFC. CSFC loaned the developers $500,000 in return for a second security deed executed by both the developers and appellants. This second security deed was later modified when CSFC loaned developers an additional $260,000. As further security, CSFC also took from the developers an assignment of the remaining $300,000 from the Washington Mutual loan agreeing that when the developers paid the $300,000, the CFSC debt of $760,000 would be reduced to $460,000.

The Washington Mutual loan went into default in December, 1976. Neverthless, Washington Mutual agreed to advance the remaining $300,000 to the developers after deducting the amounts necessary to cure the defaults. The remainder, almost $190,000, was paid to CSFC pursuant to the assignment to reduce the CSFC loan. In January, 1977, the CSFC loan went into default. CSFC sent a notice of default to appellants and to the developers and then advertised the sale under power in the Fulton County Daily Report. CSFC purchased the property at the sale.

Appellants sued originally to enjoin the sale but after injunction was denied and the sale conducted, they amended seeking to have the sale set aside and sued further seeking damages for trespass and libel. Appellants' original suit was against Citizens & Southern National Bank, Scott Hudgens Realty & Mortgage, Inc., the Daily Report Company, Washington Mutual Savings Bank, and CSFC. The Citizens & Southern National Bank was dismissed from the case on its motion for summary judgment. Appellants voluntarily dismissed the Daily Report Company. The trial court held that Washington Mutual Savings Bank had never been served and thus was not a party. The trial court directed a verdict in favor of Scott Hudgens at the close of appellants' evidence. With only CSFC left in the case, the trial court directed a verdict against appellants on their equitable

claims but submitted the issue of damages to the jury which also found against appellants.

1. The trial court properly directed a verdict against appellants on their equitable claims. Appellants have made no tender of the indebtedness secured by the deed to secure debt and thus are not entitled to set aside the sale under power. *Wright v. Intercounty Properties,* 238 Ga. 492 (233 SE2d 160) (1977); *Massey v. National Homeowners Sales Service Corp.,* 225 Ga. 93, 99 (165 SE2d 854) (1969); *Harpe v. Stone,* 212 Ga. 341 (92 SE2d 522) (1956). This is so even though appellants, the grantors under the deed to secure debt, were not personally liable on the underlying indebtedness. See *Mickel v. Pickett,* 241 Ga. 528 (247 SE2d 82) (1978); *Berry v. Government Nat. Mtg. Assn.,* 231 Ga. 503 (202 SE2d 450) (1973).

2. Appellants complain that the directed verdict on the equitable claims left the jury confused, without knowledge of who was awarded the property, and thus with no method of figuring damages. First, if appellants believed that the trial court's handling of the damages issues was confusing, they should have requested clarifying instructions. In any event, a reading of the trial court's charge reveals that the jury was fully instructed as to damages if it found that CSFC had *wrongfully* exercised its power of sale. The jury found in favor of CSFC and thus never reached the point of figuring damages.

3. Appellants' claim that the verdict of the jury in favor of CSFC is contrary to Georgia law, in essence, arguing that *they* were entitled to judgment as a matter of law. We find no merit to this argument.

(a) It is clear that under the documents in the record, CSFC was the legal entity entitled to exercise the power of sale in the security deed.

(b) The trial court properly submitted the issue of "chilling the bidding" to the jury. In its notice of sale under power in the Fulton County Daily Report, CSFC did not mention the existence of the senior security deed held by Washington Mutual. However, at the sale itself, the existence of the deed was announced three times prior to the sale. Appellants contend that *Sims v. Etheridge,* 169 Ga. 400 (150 SE 647) (1929) is authority for their position

that failure to mention the senior security deed in the notice "chills" the bidding at the sale as a matter of law.

In *Massey v. National Homeowners Sales Service Corp.,* 225 Ga. 93, supra, this court distinguished *Sims* on its facts and held that the issue of chilling was for the jury. Furthermore, the Court of Appeals, relying on *Massey* reached the same result in *Scroggins v. Harper,* 138 Ga. App. 783 (227 SE2d 513) (1976). In that case, though the existence of a senior security deed was not mentioned in the advertisement for sale, its existence was announced three times at the sale. To the extent that *Sims* holds that failure to mention the existence of a senior security deed in an advertisement for sale under power is chilling per se, it is hereby overruled. While we agree with the Court of Appeals that the better practice is to include such information (see *Scroggins,* supra, at 785), we also conclude that the issue of whether or not the failure to do so is chilling is for the jury. The failure to recite the existence of a prior security deed could be chilling if, for example, assumption were possible and it would be of advantage to prospective purchasers to assume such a mortgage. However, it could be equally as chilling if the existence of a first mortgage were recited naming the amount of the original debt but without saying that that original debt had been substantially reduced. Furthermore, announcing the existence of the prior security deed at the sale itself may or may not remedy a failure to include notice in the advertisement. The jury may conclude that the advertisement was so inadequate that prospective purchasers would not have been drawn to the sale at all. The jury must take all of the facts and determine whether or not the bidding was chilled by acts or omissions of the mortgagee conducting the sale.

(c) Appellants also contend that the sale under power was void, thus entitling them to damages as a matter of law, because CSFC failed to comply with certain terms in the security deed as modified. It must first be noted that any alleged breaches of agreements between Washington Mutual and the developers and/or appellants are irrelevant to this case. CSFC had no power to control Washington Mutual and is not responsible for actions taken by it. Next, though the CSFC security deed as

modified recited that the sums of money loaned to the developers were for the purpose of "tenant finish" and operating expenses, CSFC is not responsible for the fact that parts of the project were never finished.

The modification agreement between CSFC and appellants stated that the secured indebtedness was being increased to $760,000. The agreement went on to state that the note secured required a mandatory prepayment of $300,000 out of the remaining proceeds of the Washington Mutual loan and that upon payment of the mandatory prepayment the indebtedness would be reduced to $460,000. It is undisputed that CSFC was never paid the "mandatory prepayment" of $300,000 and thus was not required to reduce the secured indebtedness to $460,000. CSFC was, however, paid approximately $190,000 and did reduce the indebtedness by that amount.

The jury was authorized to find that no developers took management fees out of the loan proceeds in violation of any agreement between CSFC and appellants.

The advertisement of a sale under power granted in a deed to secure debt is not libelous. *Rome Bank &c. Co. v. Kerce,* 140 Ga. App. 596, 600 (231 SE2d 464) (1976).

The evidence authorized the jury to find in favor of CSFC on all of appellants' claims to damages.

4. The trial court did not err in finding that Washington Mutual had not been served with process and thus was not a party to this case. Appellants attempted to serve the Georgia attorney who wrote letters on behalf of Washington Mutual. The attorney testified that the sheriff's office tried to serve him but that he told the officer that he was not authorized to accept service on behalf of Washington Mutual. It was not shown that a copy of the complaint was left with the attorney. No return of service appears in the record nor have appellants shown that the attorney *was* authorized to accept service. We find no error in the trial court's decision.

*Judgment affirmed. All the Justices concur, except Nichols, J., disqualified.*

ARGUED JANUARY 21, 1980 — DECIDED JUNE 10, 1980.

*Moreton Rolleston, Jr.,* for appellants.
*Jerry B. Blackstock, Karen Wildau, J. Patton Hyman, III,* for appellees.