38003. EVERSON et al. v. FRANKLIN DISCOUNT COMPANY et al.

WELTNER, Justice.

The Eversons brought this action against Franklin Discount Co. (Franklin Discount) and Union Security Life Insurance Co. (Union Security) seeking reformation of a contract of insurance between Pearlie Mae Everson Sutton and Union Security on the ground of mistake on the part of the Eversons coupled with fraud on the part of Union Security and Franklin Discount. They also sought to enjoin the foreclosure on their property which was given as security for a loan from Franklin Discount, and other relief. At the close of the evidence the trial court granted a directed verdict in favor of the defendants, and the Eversons appeal. We reverse.

In 1972 Thomas Everson and his sister, Loretta Allen, the owner of 24 acres of land in Wilcox County, took out a loan at Franklin Discount. Franklin Discount required that one borrower be insured, and a policy of credit life insurance and accident and disability insurance was written on Thomas Everson. During this transaction and thereafter, Gail Ford, an employee of Franklin Discount, acted as the authorized agent of Franklin Discount and of Union Security. Union Security insured Franklin Discount's borrowers pursuant to an agreement between the two companies, which agreement sets out conditions of insurability.

The loan and insurance were renewed in 1974. In 1975 Thomas Everson had a heart attack, which his wife discussed with Franklin Discount. Everson's sister deeded the land to his two daughters, Pearlie Mae Everson (now Sutton) and Mary Fillmore. When the loan was renewed again in 1976 the borrowers were Thomas Everson and his two daughters. At trial Gail Ford testified that at this time she informed Mr. Everson that he was no longer eligible for insurance

because of his previous heart attack. The insurance was issued on Mary Fillmore.

In 1978 the loan was renewed a fourth time and Pearlie Mae Everson, then 19, was named as the insured. An application for insurance on a printed form issued by and addressed to the American Heritage Life Insurance Co. was filled out in her name, although there is evidence that Queen Everson Jones, a third sister, signed the name of Pearlie Mae without authority. Thomas Everson paid all the monthly payments until his death of a heart attack in December, 1979. Union Security refused to pay the balance of the loan because, it stated, Thomas Everson was no longer the insured.

(1) We find that there are conflicts in the evidence as to material facts with respect to the Eversons' allegations of fraud. The evidence is conflicting as to whether Gail Ford told Thomas Everson that he was not insurable and whether or not he was in fact uninsurable by reason of his pre-existing illness. These conflicts, together with the circumstances wherein Gail Ford acted as the agent for two different entities, giving rise to an apparent conflict of interest; that the coverage was shifted from the self-employed father, who represented a high risk, to his 19-year-old daughter (a low risk); and that the insurance agent initiated this change, are enough to require that the issue of fraud be decided by a jury.

"Misrepresentation of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitutes legal fraud." Code Ann. § 37-703. "Suppression of a fact material to be known, and which the party is under an obligation to communicate, constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from particular circumstances of the case." Code Ann. § 37-704. "Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." Code Ann. § 37-706. See also Code Ann. §§ 105-301, 105-302.

Accordingly, the trial court erred in directing a verdict for Franklin Discount and Union Security.

(2) The Eversons argue that the trial judge erred in refusing to admit the answers of Union Security, to certain interrogatories submitted by them, into evidence. The questions essentially were whether Gail Ford was authorized to issue insurance on Thomas Everson and whether Mr. Everson was insurable at the time. Union Security, in its answer to the interrogatories, stated that the questions were hypothetical and could not be answered accurately, but that "there probably would not be a requirement of evidence of

insurability on the type of loan involved in this case."

Code Ann. § 81A-133 (b) provides that "Interrogatories may relate to any matters which can be inquired into under Section 81A-126 (b), and the answers may be used to the extent permitted by rules of evidence." See Agnor, Use of Discovery Under the Georgia Civil Practice Act, § 8-11 (1974). Although the record does not disclose the grounds for excluding the answers, Franklin Discount and Union Security argue that the questions are hypothetical, that they could not be answered, that the replies given are not answers, and that the questions are not based on any evidence in the case. We disagree.

Union Security did not object to the questions, as provided in Code Ann. § 81A-133 (a), but attempted to answer them. The answers given tend to show that Thomas Everson was insurable at the time of the 1978 loan, and thus they are relevant to a material issue in the case. The answers are, therefore, admissible as admissions of a party-opponent. The fact that they may be in opinion form does not change this result. *Overnite Transp. Co. v. Hart,* 126 Ga. App. 566 (191 SE2d 308) (1972).

(3) Franklin Discount argues that, under the maxim, "he who would have equity must do equity," the Eversons are not entitled to equitable relief because they have not offered to pay Franklin Discount the amount of the indebtedness, which they admit is due. See Code Ann. § 37-104. In *Smith v. C. & S. Financial Corp.,* 245 Ga. 850 (268 SE2d 157) (1980), relied on by Franklin Discount, we held that the grantors under a deed to secure debt, although not personally liable on the underlying indebtedness, were not entitled to have set aside a sale under power, where they had made no tender of the indebtedness secured by the deed to secure debt. The present case is distinguishable from *Smith,* supra, and is controlled by the holding in *Sapp v. ABC Credit &c. Co.,* 243 Ga. 151, 158 (253 SE2d 82) (1979), where we held that no tender was required where the complainant alleged that no sums were due under the notes involved because the notes were void and unenforceable. The Eversons here contend that Thomas Everson should have been insured under the policy and that, but for the alleged fraud on the part of Franklin Discount and Union Security, on the death of Mr. Everson the loan would have been discharged and the land freed of all claims.

(4) The Eversons argue that the trial court erred in excluding from evidence a letter written by counsel for Franklin Discount and a hand-written summation of the loan amounts involved. The trial court properly excluded this evidence.

*Judgment reversed. All the Justices concur, except Marshall, Clarke, and Gregory, JJ., who dissent.*

DECIDED JANUARY 5, 1982 —
REHEARING DENIED JANUARY 27, 1982.

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellants.
*Smith & Harrington, Will Ed Smith, Milton Harrison,* for appellees.