[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14853
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-01002-WBH

LINDSEY JONES,
Retired First Sergeant,

Plaintiff-Appellant,

versus

CITIMORTGAGE, INC.,
PHELAN HALLINAN DIAMOND & JONES, PLLC,
STATE OF GEORGIA,
(for Fulton County Superior Court
Judge Markle),

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 9, 2016)

Before TJOFLAT, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Lindsey Jones, proceeding *pro se*, appeals the district court's dismissal of his lawsuit challenging the scheduled foreclosure of his home by Defendants-Appellees CitiMortgage, Inc. ("CitiMortgage"), and the law firm of Phelan Hallinan Diamond & Jones, PLLC (the "Phelan firm"). The scheduled foreclosure sale in April 2015 followed Jones's discharge from bankruptcy in 2006, an earlier foreclosure in August 2010, and Jones's state-court lawsuit challenging the 2010 foreclosure, which ended in an adverse ruling by Defendant-Appellee Fulton County Superior Court Judge Todd Markle ("Judge Markle").

In his current complaint filed in federal district court, Jones primarily alleges that CitiMortgage, acting through foreclosure counsel (the Phelan firm), lacked authority to foreclose a second time and violated the 2006 bankruptcy discharge injunction. Jones also alleges that the defendants, over the course of several years, violated his constitutional rights and various state and federal statutes.

The district court dismissed Jones's complaint, concluding, among other things, that Jones could not enjoin the second foreclosure because the loan connected with the property was in default, that CitiMortgage and the Phelan firm did not violate the bankruptcy-discharge injunction, and that Judge Markle was entitled to judicial immunity. Jones contends that the court erred in dismissing his

complaint and should have given him leave to amend before dismissing the action altogether.

After careful review, we affirm the dismissal with prejudice of Jones's complaint in nearly all respects, though, for some claims, on different grounds than those offered by the district court. We vacate the dismissal with prejudice of Jones's claim alleging violations of the bankruptcy-discharge injunction, and we remand this claim to the district court with instructions, as detailed below. Finally, we conclude that Jones was not entitled to leave to amend his complaint because amendment would have been futile.

## I. BACKGROUND

### A.    *Factual Background*[1]

In June 2002, Jones financed the purchase of his home (the "Property") in Lithonia, Georgia, with a loan insured by the Federal Housing Administration. In connection with the loan, Jones executed a promissory note and a deed to secure the debt. The note was endorsed immediately to CitiMortgage, and the security deed was transferred to CitiMortgage in April 2010.[2] The security deed included a

---

[1] We take these facts from the allegations in Jones's complaint and the numerous documents he attached as exhibits thereto. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (exhibits attached to a complaint may be considered when ruling on a motion to dismiss for failure to state a claim).

[2] Jones disputes whether the note was endorsed to CitiMortgage in 2002, but this matter was resolved in his state-court lawsuit. In granting summary judgment to CitiMortgage in that lawsuit, the state court relied on the 2002 endorsement to conclude that CitiMortgage had the

non-judicial power-of-sale provision. *See You v. JP Morgan Chase Bank*, 743 S.E.2d 428, 430 (Ga. 2013) ("Georgia law clearly authorizes the use of 'non-judicial power of sale foreclosure' as a means of enforcing a debtor's obligation to repay a loan secured by real property.").

Although he was current on his mortgage loan, Jones filed for bankruptcy in 2005 and received a discharge of his debts, including the mortgage loan debt, in January 2006. In general, when going through bankruptcy, the debtor must indicate what he plans to do with the collateral, including real property, for his debts. *Taylor v. AGE Fed. Credit Union (In re Taylor)*, 3 F.3d 1512, 1514–15 (11th Cir. 1993); *see also Failla v. Citibank, N.A. (In re Failla)*, No. 15-15626, ___ F.3d ___, manuscript op. at 5 (11th Cir. Oct. 4, 2016). If the collateral is not exempt, the debtor must surrender the collateral, redeem the collateral, or reaffirm the debt. *In re Taylor*, 3 F.3d at 1514 & n.2. While CitiMortgage suggests that Jones initially may have intended to reaffirm the debt, Jones does not allege that a reaffirmation agreement was ever reached. So, consistent with his allegations, Jones never assumed personal liability for the mortgage after his bankruptcy. Without reaffirming the debt or redeeming the collateral, the debtor has no right to retain the collateral, *id.* at 1516, though the debtor can continue to maintain

---

authority to foreclose. Jones cannot now re-litigate this factual issue. *See, e.g.*, *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263–65 (11th Cir. 2011) (collateral estoppel bars re-litigation of the same issue between the same parties when that issue was actually litigated and necessary to a final judgment on the merits by a court of competent jurisdiction).

mortgage payments on a principal residence after discharge without reaffirming the debt, and a creditor can take such payments rather than pursue an *in rem* foreclosure, *see* 11 U.S.C. § 524(j).

It appears that, after his 2006 bankruptcy discharge, Jones continued to make mortgage payments until some point in 2010. Thereafter, CitiMortgage retained the law firm of McCurdy & Candler, LLC, to initiate a non-judicial foreclosure action. McCurdy & Candler sent Jones letters in June 2010 indicating that the loan was in default, that a foreclosure sale would occur on August 3, 2010, and that title to the Property would likely be transferred to the Secretary of Housing and Urban Development ("HUD") after foreclosure. One letter claimed that Jones owed around $130,000.00, but it also noted that he was not personally liable if he had received a bankruptcy discharge.

On August 3, 2010, CitiMortgage foreclosed the mortgage on the Property.[3] Jones alleges that, as a result of the August 2010 foreclosure and based on statements in the June 2010 letters from McCurdy & Candler, HUD is the current owner of the note and security deed, while CitiMortgage is the servicer.

---

[3] It is undisputed that the bankruptcy discharge did not affect CitiMortgage's rights to exercise the power of sale in the security deed. *See, e.g.*, *Bank of Am. v. Cuneo*, 770 S.E.2d 48, 53 (Ga. Ct. App. 2015) ("Although [the debtor] may have been discharged from any in personam liability with respect to the judgment of indebtedness, such discharge did not cancel the title to the real estate held by [the bank] under its deed to secure debt, nor did such bankruptcy affect its power of sale contained therein." (quoting another source)).

5

Jones and CitiMortgage unsuccessfully attempted settlement both before and after the August 2010 foreclosure. Jones offered to purchase the property for $50,000, and the parties later discussed a proposal to purchase it for $25,000. CitiMortgage eventually rejected both proposals.

After the foreclosure, Jones moved most of his belongings to a warehouse and waited for a demand of the Property, but it never came. Instead, in December 2010, he received another notice from McCurdy & Candler stating that the mortgage for the Property was about to be foreclosed.

Fed up with CitiMortgage's confusing actions, Jones challenged the August 2010 foreclosure in the Superior Court of Fulton County, naming as defendants CitiMortgage, MERS, and counsel for CitiMortgage.[4] He alleged assorted federal claims and state-law claims of wrongful foreclosure, fraud, conspiracy, and theft by deception/"crimen falsi." The defendants removed the complaint to federal district court, which, on May 25, 2011, dismissed with prejudice the federal claims and remanded the remainder of the lawsuit to the Superior Court of Fulton County.

For reasons unknown, the federal court's remand order was not filed in state court until August 22, 2011, despite Jones's efforts to have the case reinstated earlier. According to Jones, the only explanation for the delay in restatement is a

_____

[4] Jones filed a similar lawsuit in the Superior Court of DeKalb County. Although that case, too, was removed by the defendants, the federal district court later determined that the case had been closed when the notice of removal was filed, so the court remanded the case to state court. No further action appears to have been taken after remand.

6

conspiracy between the defendants and various persons with the Superior Court of Fulton County to discriminate against him and to allow the defendants to "judge shop." Jones explains that his case before removal had been assigned to a judge who, in Jones's view, would have ruled in his favor but who resigned in June 2011, so the delay allowed the case to be re-assigned to Judge Markle, who was sworn in on August 5, 2011.

In June 2012, Judge Markle granted summary judgment to the defendants on all claims raised in the Fulton County state-court lawsuit. In relevant part, Judge Markle concluded that it was "clear that Defendants had the ability to foreclose," because CitiMortgage had obtained the note in June 2002 and the security deed in April 2010. Jones unsuccessfully appealed Judge Markle's decision to the Georgia Court of Appeals and the Supreme Court of Georgia.

In August 2014, nearly four years after the first foreclosure, Jones received a notice-of-foreclosure letter from the Phelan firm on behalf of CitiMortgage. This letter indicated that the mortgage for the Property was about to be foreclosed, that title to the Property would be transferred to the mortgage lender within 60 to 90 days, and that, shortly thereafter, title would likely be transferred to HUD. Additional letters from the Phelan firm stated that the debt on the loan connected with the Property was around $175,000.00 and that a foreclosure sale was scheduled for April 7, 2015. These letters arguably could be read to assert that

7

Jones was personally liable for the debt, but they also noted he was not personally liable if the debt had been discharged in bankruptcy.  It does not appear that the foreclosure sale scheduled for April 7, 2015, has gone forward.

## B.    Current Complaint

Jones filed his 58-page complaint, along with some 90 pages of exhibits, in federal district court on April 6, 2015, attempting to prevent the second foreclosure and naming CitiMortgage, the Phelan firm, and Judge Markle as defendants.  Jones broadly alleged the existence of a conspiracy to permanently deprive him of his home for financial gain.  This conspiracy included delaying reinstatement of Jones's state-court lawsuit following remand in 2011 in order to obtain a more favorable judge assignment for the defendants, giving Jones false hope of the possibility for settlement, reporting to credit-reporting agencies that Jones was personally liable on the mortgage debt and had defaulted so as to prevent him from repurchasing the Property after the second foreclosure, and giving inflated estimates of the value of the Property to the Federal Housing Administration and HUD to collect higher insurance fees and other benefits.  Jones also alleged specific violations of his statutory and constitutional rights in connection with many of these actions.

Jones pled causes of action arising under 42 U.S.C. §§ 1983 and 1985(3) (Counts One and Two); the Fair Housing Act, 42 U.S.C. § 3604 (Count Three); the

8

bankruptcy discharge injunction provision, 11 U.S.C. § 524(a)(2) (Count Five); the Fair Credit Reporting Act, 15 U.S.C. § 1681 (Count Six); and Georgia's theft-by-deception criminal statute, O.C.G.A. § 16-8-3 (Count Seven).[5]  For relief, Jones requested money damages (as against CitiMortgage and the Phelan firm); an injunction preventing the foreclosure sale on April 7, 2015; a declaration that CitiMortgage lacked standing to foreclose; a declaration that Judge Markle's rulings are void and that the judge violated Jones's constitutional rights; and the removal of any liens upon the Property.

The district court granted the defendants' motions to dismiss the complaint. The court found that CitiMortgage and the Phelan firm did not violate the bankruptcy-discharge injunction because its letters to Jones disclaimed that he was personally liable if he had received a bankruptcy discharge.  And because Jones admitted that the loan was in default since 2010, the court found Jones could not enjoin the second foreclosure.  Apart from these specific determinations, the court generally agreed with the defendants' motions to dismiss, finding that Judge Markle was entitled to judicial immunity and that Jones had failed to state a claim for any of the causes of action specifically pled in his complaint.  Jones now appeals.

---

[5] There is no Count Four.

9

## II. DISCUSSION

On appeal, Jones argues that the district court erred in various ways in dismissing his complaint. He also asserts that the district court should have granted leave to amend his complaint before dismissing the action altogether and that the failure to do so violated due process.

### A.    *Standards of Review*

We review *de novo* all matters raised in this appeal, including the dismissal of a complaint for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016), issues of subject-matter jurisdiction, *Okongwu v. Reno*, 229 F.3d 1327, 1329 (11th Cir. 2000), and whether amendment of a complaint would be futile, *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

We liberally construe the filings of *pro se* litigants. *Campbell v. Air Jamaica Ltd.,* 760 F.3d 1165, 1168 (11th Cir. 2014). Despite this leniency, however, courts may not serve as *de facto* counsel or rewrite deficient pleadings in order to sustain an action. *Id.* at 1168–69. Moreover, a "legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). Additionally, we generally will not consider an issue that was raised for the first time on appeal. *Id.* at 1331. We may affirm the dismissal of a

complaint on any grounds supported by the record, even on grounds the district court did not consider. *Seminole Tribe of Fla. v. Fla. Dep't of Revenue*, 750 F.3d 1238, 1242 (11th Cir. 2014).

To survive a motion to dismiss, a complaint must allege enough well-pled facts, accepted as true and construed in favor of the plaintiff, to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2009). For a claim to be facially plausible, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant, and instead must offer sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allegations that are no more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" are not well-pled facts that must be accepted as true and will not be sufficient to withstand a motion to dismiss. *Id.* at 678 (internal quotation marks omitted; alteration adopted); *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal.")

**B.    *Claims against CitiMortgage and the Phelan Firm***

    1.    <u>Counts One and Two (42 U.S.C. §§ 1983 and 1985(3))</u>

In Counts One and Two, Jones alleged that CitiMortgage and the Phelan firm violated and conspired to violate Jones's constitutional rights to due process and equal protection of the laws, all for the purpose of permanently depriving Jones of the Property.

To establish a § 1983 claim, the plaintiff must show that the conduct complained of (1) was committed by a "state actor" and (2) "deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Private parties are generally not considered state actors for purposes of § 1983. *Id.* Nonetheless, private parties can be held liable under § 1983 if they act in concert with state officials in violating the plaintiff's constitutional rights. *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990). "The plaintiff attempting to prove such a conspiracy must show that the parties reached an understanding to deny the plaintiff his or her rights." *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1563 (11th Cir. 1990) (internal quotation marks omitted).

To state a claim under § 1985(3), a plaintiff must allege sufficient facts to show "an agreement between 'two or more persons' to deprive him of his civil rights." *Dickerson v. Alachua Cty. Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000) (quoting 42 U.S.C. § 1985(3)). In addition, the plaintiff must show that a racial or class-based animus motivated the conspirators' actions. *Park v. City of Atlanta*,

12

120 F.3d 1157, 1161 (11th Cir. 1997); *Childree v. UAP/GA AG CHEM, Inc.*, 92 F.3d 1140, 1146–47 (11th Cir. 1996).

Here, Jones failed to state a claim under § 1983.  The allegations in his complaint do not support an inference that CitiMortgage and the Phelan firm were "state actors" subject to suit under § 1983.  *See Harvey*, 949 F.2d at 1130.  In particular, Jones did not allege any contacts between the private parties and the state actors (Judge Markle and employees of the Fulton County Superior Court) that could plausibly support a conclusion that they had "reached an understanding" to deny Jones his rights by delaying reinstatement of his case.[6]  *See id.* at 1133 (dismissing a § 1983 claim against private parties where the allegations failed to show "contacts between the [defendants] that could prove private and alleged state actors had 'reached an understanding' to violate her rights").  Moreover, the mere fact that CitiMortgage participated in Jones's state-court lawsuit, and that Judge Markle ruled in its favor, does not suggest a conspiracy.  *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("Of course, merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.").  Consequently, the district court properly dismissed Jones's § 1983 claim.

---

[6] While Jones makes much of Judge Markle's explanation of the timing of various events in state court, such as when the judge first learned of the remand order, we do not see how the minor discrepancies Jones identifies in any way suggest a conspiracy or wrongdoing.

13

We also conclude that Jones failed to state a claim for relief under § 1985(3). Among other problems, his allegations are insufficient to show the existence of a conspiracy that was premised on any racial or class-based animus. *See Park*, 120 F.3d at 1161; *Childree*, 92 F.3d at 1146–47. Jones's assertion that he was discriminated against because he is a disabled, elderly, African-American man is not supported by any factual allegations from which a court could infer these classes motivated the misconduct alleged. Indeed, Jones alleged that the "[t]he conspiratorial purpose was financial." Jones also contends that he was denied the right to proceed *pro se* in state court, but, even assuming *pro se* status is a "class" for purposes of § 1985(3), the allegations do not support an inference that CitiMortgage and the Phelan firm had anything to do with whether the state court allowed Jones to reinstate his case while proceeding *pro se*.[7] Jones's conclusory allegations of discrimination are insufficient to withstand dismissal for failure to state a claim. *See Iqbal*, 556 U.S. at 678; *Jaharis*, 297 F.3d at 1188.

### 2.    Count Three (Fair Housing Act, 42 U.S.C. § 3604)

Jones alleged a violation of the Fair Housing Act, 42 U.S.C. § 3604, but he has not addressed this claim on appeal. Therefore, he has abandoned any challenge to the district court's conclusion that he failed to allege a *prima facie* violation of

---

[7] Furthermore, it is not clear from Jones's allegations whether he was told by someone with the Fulton County Superior Court that he could not proceed *pro se* or if Jones simply took it upon himself to hire a lawyer because of the delay in reinstatement following remand.

14

the Fair Housing Act. *See Access Now, Inc.*, 385 F.3d at 1330. In any case, under § 3604, a plaintiff generally must allege "unequal treatment on the basis of [a protected class] that affects the availability of housing," and Jones did not do so. *See Jackson v. Okaloosa Cty., Fla.*, 21 F.3d 1531, 1542 (11th Cir. 1994).

### 3.    Count Five (Bankruptcy Discharge Injunction, 11 U.S.C. § 524)

Jones alleges that CitiMortgage and the Phelan firm violated the bankruptcy-discharge injunction by attempting to hold him personally liable for the mortgage debt. According to Jones, these defendants communicated to both him and others, including credit-reporting agencies and the Internal Revenue Service, that he was personally liable for the mortgage debt despite his bankruptcy discharge in 2006.

When a debtor receives a discharge in bankruptcy, the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt *as a personal liability of the debtor*." 11 U.S.C. § 524(a)(2) (emphasis added). We have interpreted § 524(a)(2) expansively, holding that it prohibits any action that has the effect of pressuring a debtor to repay a discharged debt, even if the means are indirect. *Green Point Credit, LLC v. McLean (In re McLean)*, 794 F.3d 1313, 1320 (11th Cir. 2015).

A debtor who believes that the discharge injunction has been violated may file a contempt action with the bankruptcy court that issued the discharge

15

injunction, not with another court. *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 970–71 (11th Cir. 2012); *see In re McLean*, 794 F.3d at 1319 (citing *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 509 (9th Cir. 2002) (holding that there is no private right of action to enforce the discharge injunction)). That is because the court that issued the discharge injunction is "the court that 'alone possesse[s] the power to enforce compliance with' the discharge injunction." *In re McLean*, 794 F.3d at 1319 (quoting *Alderwoods Group, Inc.*, 682 F.3d at 970). "Other courts are without jurisdiction to do so." *Alderwoods Grp., Inc.*, 682 F.3d at 971.

Here, the court that issued the discharge injunction was the United States Bankruptcy Court for the Northern District of Georgia, so that court alone possessed the power to enforce compliance with the discharge injunction and "punish contempt of that order." *Id.* Therefore, if CitiMortgage or the Phelan firm violated the discharge injunction, the bankruptcy court had the power to sanction them for attempting to pressure Jones to pay the discharged debt personally. *See In re McLean*, 794 F.3d at 1320, 1323–24 (discussing sanctions). Jones, however, filed his complaint in the district court, which lacked jurisdiction to entertain alleged violations of an order it did not issue.[8] *See Alderwoods Grp., Inc.*, 682

---

[8] Of course, district courts have original subject-matter jurisdiction over cases arising under Title 11, *see Justice Cometh, Ltd. v. Lambert*, 426 F.3d 1342, 1343 (11th Cir. 2005), & 28 U.S.C. § 1334, but the fact remains that the court that issued the discharge injunction, the bankruptcy court, is the court that alone possessed the power to enforce compliance with it, *see In re McLean*, 794 F.3d at 1319, and "[o]ther courts are without jurisdiction to do so," *Alderwoods Grp., Inc.*, 682 F.3d at 971.

F.3d at 971 (holding that a Florida bankruptcy court lacked jurisdiction to entertain a complaint alleging a violation of a discharge injunction issued by a Delaware bankruptcy court). Consequently, the district court should not have reached the merits of Count Five.

This conclusion does not fully resolve the matter, however, because we must decide whether it is more appropriate to remand with instructions to dismiss this claim without prejudice or to refer the claim to the bankruptcy court. We addressed a similar issue in *Alderwoods Group*, where the debtors had filed suit against creditors in a Florida bankruptcy court for violating a discharge injunction issued by a Delaware bankruptcy court. After concluding that the Florida bankruptcy court lacked jurisdiction to entertain the debtors' complaint, we considered two options for how to dispose of the appeal: (1) remand to the district court with instructions to dismiss the complaint without prejudice—the "simplest option" but also potentially "unnecessarily cumbersome and wasteful of judicial resources," as the debtors likely would then re-file in the Delaware bankruptcy court; or (2) transfer to the Delaware district court, pursuant to 28 U.S.C. § 1412, which could then refer the case to the Delaware bankruptcy court. *Id.* at 973–74. We decided to transfer the case because it "would be more efficient" and in the interests of justice. *Id.*

Here, we conclude, like the panel in *Alderwoods Group*, that remanding to the district court with instructions to dismiss Count Five without prejudice would be inefficient and not in the interests of justice, particularly where the bankruptcy court is within the same judicial district as the district court. *See id.* Accordingly, we vacate the dismissal with prejudice of Count Five and remand to the district court with instructions to refer the matter to the United States Bankruptcy Court for the Northern District of Georgia in accordance with the district court's procedures. *See* 28 U.S.C. § 157(a) ("Each district court may provide that any or all . . . proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.").

4.    Count Six (Fair Credit Reporting Act, 15 U.S.C. § 1681)

Jones alleged that CitiMortgage and the Phelan firm violated the Fair Credit Reporting Act by telling credit-reporting agencies that he was personally liable for the mortgage debt and had defaulted. However, in response to CitiMortgage's and the Phelan firm's motions to dismiss, Jones stated that he was withdrawing this claim, and he does not address the claim on appeal, so we deem it abandoned. *See Access Now, Inc.*, 385 F.3d at 1330.

5.    Count Seven (Theft by Deception, O.C.G.A. § 16-8-3)

Jones alleged that CitiMortgage and the Phelan firm committed the Georgia state-law criminal offense of theft by deception. *See* O.C.G.A. § 16-8-3. He

18

claimed that these defendants used deceit to steal his Property by scheduling a second foreclosure in April 2015 despite the foreclosure sale on August 3, 2010. However, he does not directly address this claim on appeal, so we deem it abandoned. *See Access Now, Inc.*, 385 F.3d at 1330. In any case, it does not appear that this criminal statute creates a civil cause of action.

6.    Injunctive and Declaratory Relief Preventing the Second Foreclosure

Jones argues that he has standing to challenge the second foreclosure and that Georgia law does not permit more than one foreclosure per loan as a matter of equity. He requests an injunction preventing a second foreclosure, a declaration that CitiMortgage has no standing to foreclose, and the removal of any liens on the Property. We conclude that Jones is not entitled to the relief he seeks.

First, Jones is not entitled to equitable relief in the form of an injunction preventing the foreclosure sale because he has not alleged that he tendered the indebtedness secured by the deed to secure debt. Under Georgia law, "[a] borrower who has executed a deed to secure debt is not entitled to enjoin a foreclosure sale unless he first pays or tenders to the lender the amount admittedly due." *Mickel v. Pickett*, 247 S.E.2d 82, 87 (Ga. 1978). "This is so even though [Jones], the grantor[] under the deed to secure debt, w[as] not personally liable on the underlying indebtedness." *Smith v. Citizens & S. Fin. Corp.*, 268 S.E.2d 157, 159 (Ga. Ct. App. 1980). Likewise, "because the debt that the conveyance was

19

made to secure has not been fully paid, [Jones is] not entitled to cancellation of the security deed." *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 583 S.E.2d 844, 846–47 (Ga. 2003).

Second, Jones has not shown that he is entitled to declaratory relief as against CitiMortgage and the Phelan firm.   To pursue a declaratory-judgment action under Georgia law, "a party must establish that [a declaratory judgment] is necessary to relieve himself of the risk of taking some future action that, without direction, would jeopardize his interests." *Porter v. Houghton*, 542 S.E.2d 491, 492 (Ga. 2001).   On the facts of this case, a declaratory judgment is unavailable because all material rights have accrued based on past events, and Jones is in no need of direction with respect to any future conduct. *See id.*; *Logan Paving Co. v. Peoples Bank & Trust,* 395 S.E.2d 287, 288 (Ga. Ct. App. 1990).

Moreover, as mentioned previously, Jones has no right to retain the Property, despite the fact that he is currently living there, which makes Jones's assertions of theft and fraud ring false.   After a bankruptcy discharge, debtors are not entitled to retain collateral secured by a debt without either redeeming the property or reaffirming the debt. *In re Taylor*, 3 F.3d at 1516–17.   Because Jones did not either redeem the Property or reaffirm the debt, it does not appear he has any basis to challenge a foreclosure action. *Cf. Failla*, No. 15-15626, ___ F. 3d ___, manuscript op. at 11 (holding that debtors who "surrender" their collateral,

20

rather than pursuing redemption or reaffirmation, can no longer contest a foreclosure action).

The factual picture Jones paints is admittedly confusing. We do not know with any certainty what occurred following the apparent August 2010 foreclosure or what caused CitiMortgage to again pursue a foreclosure of the mortgage. No doubt this has been confusing, stressful, and frustrating for Jones, who simply wants to be left in peace. Nevertheless, we cannot conclude that he has presented any plausible basis on which to challenge CitiMortgage's most recent attempt to pursue a non-judicial foreclosure.

7.    Housesitting Fees

Finally, Jones asserts that, if we determine that CitiMortgage is allowed to foreclose, he has been housesitting for the past six years and is entitled to fees for his services. However, Jones did not present any argument that he was entitled to "housesitting fees" before the district court, so we decline to consider this argument for the first time on appeal. *See Access Now*, 385 F.3d at 1331.

## C.    *Claims against Judge Markle*

As against Judge Markle, Jones sought declarations that his constitutional rights had been violated and that Judge Markle's orders are void. However, it seems that the district court lacked subject-matter jurisdiction to grant the relief Jones requested. Under the *Rooker-Feldman* doctrine, federal courts may not

21

exercise jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, after losing in state court, Jones invited federal district court review and rejection of the state-court judgment. Although the district court did not rely on the *Rooker-Feldman* doctrine to dismiss Jones's claims, we may nevertheless affirm on any adequate basis supported by the record. *See Seminole Tribe*, 750 F.3d at 1242.

In any case, even assuming without deciding that the district court had subject-matter jurisdiction and that Judge Markle was not entitled to judicial immunity, Jones still has not shown any plausible entitlement to declaratory or injunctive relief. "In order to receive declaratory or injunctive relief, plaintiffs must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). Here, Jones had an adequate remedy at law for Judge Markle's alleged misconduct, which appears to be limited to his rulings in Jones's state-court lawsuit, because Jones could have, and did, appeal to both the Georgia Court of Appeals and the Supreme Court of Georgia. *See id.* at 1242–43.

### D.    *Failure to Grant Leave to Amend*

Finally, Jones requests an opportunity to amend his complaint.  While *pro se* plaintiffs generally should be given at least one chance to amend their complaint before dismissal of the action, *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (*overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) (holding that this rule does not apply to counseled plaintiffs)), courts are not required to grant leave to amend where amendment would be futile, *Cockrell*, 510 F.3d at 1310.

Here, the district court did not err by failing to *sua sponte* grant Jones leave to amend his complaint, as any amendment would have been futile.  Having carefully reviewed the complaint's extensive factual allegations, the voluminous exhibits attached to the complaint, and Jones's arguments on appeal, we are not persuaded that Jones could state a viable cause of action through amendment.

### III.  CONCLUSION

In sum, we **AFFIRM** the district court's dismissal of Jones's complaint in all respects but one:  we **VACATE** the dismissal with prejudice of Count Five, alleging violations of the bankruptcy discharge injunction, and we remand to the district court with instructions to refer the matter to the United States Bankruptcy Court for the Northern District of Georgia in accordance with the district court's procedures.  *See* 28 U.S.C. § 157(a).

23

**AFFIRMED in part; VACATED AND REMANDED in part.**